1 | MAYER BROWN LLP
RUTH ZADIKANY (SBN 260288)
2 | *rzadikany@mayerbrown.com*
C. MITCHELL HENDY (SBN 282036)
3 | *mhendy@mayerbrown.com*
350 South Grand Avenue, 25th Floor
4 | Los Angeles, California  90071-1503
Telephone:   (213) 229-9500
5 | Facsimile:   (213) 625-0248

6 |

7 | *Attorneys for Defendants*
FRONTIER COMMUNICATIONS CORPORATION
8 | and CITIZENS TELECOM SERVICES COMPANY, LLC

9 | **UNITED STATES DISTRICT COURT**

10 | **EASTERN DISTRICT OF CALIFORNIA**

11 |

| | |
|---|---|
| SHANNON DOCKERY, on behalf of herself and all employees similarly situated, | Case No. 2:21-cv-00416-TLN-CKD |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| v. | Complaint Filed:  March 9, 2021 |
| FRONTIER COMMUNICATIONS CORPORATION and CITIZENS TELECOM SERVICES COMPANY, LLC. | Date: August 19, 2021
Time: 2:00pm
Courtroom:  2, 15th Floor |
| Defendants. | Hon. Troy L. Nunley |
| | [Filed concurrently with Request for Judicial Notice, Declaration of Ruth Zadikany and [Proposed] Order] |

1  **PLEASE TAKE NOTICE** that on August 19, 2021, at 2:00 p.m., or as soon

2  thereafter as this matter may be heard, Defendants Frontier Communications

3  Corporation and Citizens Telecom Services Company, LLC will, and hereby do, move

4  this Court for an order dismissing Plaintiff Shannon Dockery's Complaint.  This

5  motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds

6  that the Complaint fails to state a claim for relief because Plaintiff has not pleaded

7  facts to establish her claims, Rule 12(b)(3) on the grounds that this Court is an

8  improper venue for Plaintiff's ERISA claims, and 12(b)(1) on the grounds that this

9  Court lacks subject matter jurisdiction over Plaintiff's claim for declaratory relief

10  upon the dismissal of the remaining claims.

11  This Motion is based on this Notice of Motion and Motion, the accompanying

12  Memorandum of Points and Authorities, the pleadings, records, and files in this

13  action, the concurrently filed Request for Judicial Notice, the concurrently filed

14  Declaration of Ruth Zadikany, and any argument that the Court may entertain at any

15  hearing on this matter.

16

17  Dated:  July 8, 2021                     MAYER BROWN LLP

18

19                                           By: */s/ Ruth Zadikany*
                                             Ruth Zadikany
20                                           C. Mitchell Hendy

21                                           *Attorneys for Defendants*
                                             FRONTIER COMMUNICATIONS
22                                           CORPORATION and CITIZENS TELECOM
                                             SERVICES COMPANY, LLC
23

24

25

26

27

28

- 1 -

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................... 1

BACKGROUND ................................................................................................ 2

ARGUMENT ..................................................................................................... 2

I.    The Complaint fails to state causes of action regarding alleged failures to pay overtime and minimum wages, to provide meal and rest periods or to reimburse business-related expenditures (Second, Third, Fifth, Sixth and Seventh Causes of Action) .............. 4

    A.    Failure to pay overtime ................................................. 4

    B.    Failure to pay a minimum wage ................................... 5

    C.    Failure to provide meal and rest periods .................... 5

    D.    Failure to reimburse/illegal deductions ..................... 6

II.    All the derivative claims must fail ........................................ 7

    A.    The Complaint fails to state a cause of action under Labor Code sections 221 and 223 (Fourth Cause of Action) ............................................................................. 8

    B.    The Complaint fails to state a cause of action under Labor Code § 226(a) (Eighth Cause of Action) ...................... 10

    C.    The Complaint fails to state a cause of action under Labor Code § 204 (Ninth Cause of Action) .......................... 11

    D.    The Complaint fails to state a cause of action for waiting time penalties under Labor Code § 203 (Tenth Cause of Action) ............................................................................. 12

III.    The Complaint fails to state a cause of action under ERISA (Eleventh and Twelfth Causes of Action) .......................................... 14

    A.    Dockery cannot plead a breach of an ERISA fiduciary duty ................................................................................ 14

    B.    Dockery's ERISA-recordkeeping claim is insufficiently pleaded ........................................................................... 16

    C.    This Court is an improper venue for Dockery's ERISA claims ............................................................................ 17

IV.    The Complaint fails to plead a violation of the UCL (Thirteenth Cause of Action) ............................................................................. 18

V.    The Court should dismiss the First Cause of Action for lack of jurisdiction ................................................................................... 18

CONCLUSION ................................................................................................ 19

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
CASE NO. 2:21-CV-00416-TLN-CKD

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amaral v. Cintas Corp. No. 2*,
  163 Cal. App. 4th 1157 (2008).........................................................................10

*Anderson v. Blockbuster, Inc.*,
  2010 WL 1797249 (E.D. Cal. May 4, 2010)........................................................3

*Angeles v. U.S. Airways, Inc.*,
  2013 WL 622032 (N.D. Cal. Feb. 19, 2013).......................................................10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .........................................................................................2, 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .........................................................................................3, 7

*Bellinghausen v. Tractor Supply Co.*,
  2013 WL 6057847 (N.D. Cal. Nov. 15, 2013).......................................................5

*Billington v. United Nat. Foods, Inc.*,
  2020 WL 5763824 (E.D. Cal. Sept. 28, 2020) (Nunley, J.).......................*passim*

*Brown v. Wal-Mart Stores, Inc.*, *Brown*,
  2013 WL 1701581 (N.D. Cal. Apr. 18, 2013) ....................................................13

*City of Oakland v. Hassey*,
  163 Cal. App. 4th 1477 (2008)............................................................................9

*Conley v. Gibson*,
  355 U.S. 41 (1957) ..............................................................................................3

*De La Torre v. Am. Red Cross*,
  2013 WL 5573101 (C.D. Cal. Oct. 9, 2013) ......................................................12

*Dittmar v. Costco Wholesale Corp.*,
  2016 WL 3387464 (S.D. Cal. June 20, 2016) ......................................................8

*Finnegan v. Schrader*,
  91 Cal. App. 4th 572 (2001).............................................................................10

- ii -

*Gatdula v. CRST Int'l, Inc.*,
  2017 WL 11093975 (C.D. Cal. March 3, 2017) ............................................ 7, 10

*Hadjavi v. CBS Pharmacy, Inc.*,
  2010 WL 7695383 (C.D. Cal. Sept. 22, 2010) .................................................. 12

*Harper v. Charter Commc'ns, LLC*,
  2021 WL 603724 (E.D. Cal. Feb. 16, 2021) ...................................................... 10

*Johnson v. Hewlett-Packard Co.*,
  809 F. Supp. 2d 1114 (N.D. Cal. 2011) ...................................................... 10, 11

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ............................................................................ 17

*Laasko v. Xerox Corp.*,
  566 F. Supp. 2d 1018 (C.D. Cal. 2008) .............................................................. 18

*Landers v. Quality Commc'n, Inc.*,
  771 F.3d 638 (9th Cir. 2014) ..................................................................... *passim*

*Lenk v. Monolithic Power Sys., Inc.*
  2015 WL 7429498 (N.D. Cal. Nov. 23, 2015) ...................................................... 8

*LePage v. Blue Cross and Blue Shield of Minn.*,
  2008 WL 2570815 (D. Minn. June 25, 2008) ........................................ 15, 17, 18

*Lopez v. Aerotek, Inc.*,
  2015 WL 4504691 (C.D. Cal. July 23, 2015) ..................................................... 13

*Nat'l Chiropractic Mut. Ins. Co. v. Doe*,
  23 F. Supp. 2d 1109 (D. Alaska 1998) ............................................................... 19

*Nordstrom Comm'n Cases*,
  186 Cal. App. 4th 576, 584 (2010) ..................................................................... 13

*Patton v. Schneider Nat'l Carriers, Inc.*,
  2009 WL 10673060 (C.D. Cal. June 8, 2009) ...................................................... 9

*Pedroza v. PetSmart, Inc.*,
  2012 WL 9506073 (C.D. Cal. June 14, 2012) .................................................... 13

*Pegram v. Herdrich*,
  530 U.S. 211 (2000) ......................................................................... 14, 15, 16

*Perez v. Wells Fargo & Co.*,
     75 F. Supp. 3d 1184 (N.D. Cal. 2014) ................................................................. 4

*Ramos v. Natures Image, Inc.*,
     2020 WL 2404902 (C.D. Cal. Feb. 19, 2020) .................................................... 15

*Romano v. SCI Direct, Inc.*,
     2017 WL 8292778 (C.D. Cal. Nov. 27, 2017) .................................................... 11

*See's Candy Shops, Inc. v. Super. Ct.*,
     210 Cal. App. 4th 889 (2012) ............................................................................. 11

*Sgro v. Danone Waters of N. Am. Inc.*,
     532 F.3d 940 (9th Cir. 2008) .............................................................................. 17

*Soratorio v. Tesoro Refining and Mktg. Co.*,
     2017 WL 8220415 (C.D. Cal. Sept. 11, 2017) ................................................... 13

*Sosna v. Iowa*,
     419 U.S. 393 (1975) ............................................................................................ 12

*Staacke v. U. S. Sec'y of Labor*,
     841 F.2d 278 (9th Cir. 1996) .............................................................................. 19

*Steavens v. Elec. Data Sys. Corp.*,
     2008 WL 3540070 (E.D. Mich. Aug. 12, 2008) ................................................ 17

*Sueoka v. United States*,
     101 F. App'x 649 (9th Cir. 2004) ....................................................................... 12

*Tan v. GrubHub, Inc.*,
     171 F. Supp. 3d 998 (N.D. Cal. 2016) ................................................................. 3

*Turner v.LTF Club Mgmt. Co., LLC*,
     2020 WL 4748374 (E.D. Cal. Aug. 17, 2020) ................................................ 5, 10

*Veliz v. Cintas Corp.*,
     2003 WL 23857822 (N.D. Cal. Nov. 4, 2003) ................................................... 16

*Willner v. Manpower Inc.*,
     35 F. Supp. 3d 1116 (N.D. Cal. 2014) ............................................................... 10

*Winfield v. Citibank, N.A.*,
     842 F. Supp. 2d 560 (S.D.N.Y. 2012) ................................................................ 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Wright v. Frontier Mgmt., LLC*,
  2021 WL 2210739 (E.D. Cal. June 1, 2021) .......................................................... 5

*Zipp v. World Mortg. Co.*,
  632 F. Supp. 2d 1117 (M.D. Fla. 2009) .................................................. 15, 16, 17

**Statutes**

28 U.S.C. § 1406(a) ................................................................................................ 18

Cal. Bus. and Prof. Code §§§ 17200, *et seq*. ........................................................ 18

Cal. Code Regs., Title 8 § 11090(8) ........................................................................ 6

Cal. Code Regs., Title 8, § 13520 .......................................................................... 13

Cal. Labor Code § 203 ...................................................................................... 12, 13

Cal. Labor Code § 204 ...................................................................................... 11, 12

Cal. Labor Code § 221 ................................................................................... 6, 7, 10

Cal. Labor Code § 223 ......................................................................................... 8, 10

Cal. Labor Code § 226(a) .................................................................................... 10

Cal. Labor Code § 510 ............................................................................................. 9

Cal. Labor Code § 510(a) ......................................................................................... 9

Cal. Labor Code § 2802 ............................................................................................ 7

Federal R. of Civ. Proc. 12(b)(1) ........................................................................... 19

Federal R. of Civ. Proc. 12(b)(3) ....................................................................... 1, 18

Federal R. of Civ. Proc. 12(b)(6) ................................................................. 1, 2, 8, 9

**INTRODUCTION**

Plaintiff Shannon Dockery is currently employed as a Customer Service Analyst with Defendant Citizens Telecom Services, Company, LLC (Citizens).[1]  She contends that Citizens misclassified her as an exempt employee and therefore failed to provide her certain benefits for non-exempt employees, such as minimum and overtime wages and meal and rest periods.  Compl. ¶¶ 37–43.  Based on that alleged misclassification, Dockery filed a hybrid class and collective action under the Fair Labor Standards Act ("FLSA") and California law asserting thirteen causes of action under the FLSA, the California Labor Code, California's Unfair Competition Law, and ERISA.  In addition, for unclear reasons, Dockery has simultaneously brought an action in Sacramento Superior Court against these same Defendants, based on the same alleged classification dispute, seeking relief under California's Private Attorneys General Act ("PAGA").  *See Dockery v. Frontier Communications Corp., et al.*, Case No. 34-2021-00295726-CU-OE-GDS (Sacramento Super. Ct.) (Complaint filed March 3, 2021) (attached as Exhibit B to Declaration of Ruth Zadikany); *see also* Request for Judicial Notice filed concurrently herewith.

Dockery's gambit is obvious.  She seeks to transform a purportedly incorrect classification into more than a dozen causes of action, brought in two separate lawsuits in both federal and state court, that seek multiplicitous penalties.  The premise of her litigation spree is mistaken, as Dockery qualifies as an exempt employee.

Nonetheless, the propriety of that classification is not the basis for this motion to dismiss.  Instead, this federal complaint should be dismissed because it is entirely lacking factual allegations that could support any claims over which the Court could

---

[1] Plaintiff is (and at all relevant times, has been) employed by Citizens Telecom Services Company, LLC.  Frontier Communications Corporation is and was not a joint employer and no factual allegations in the Complaint suggest otherwise.  In any event, upon emergence from bankruptcy on April 30, 2021, Frontier Communications Corporation was dissolved.

properly exercise jurisdiction. Indeed, Dockery has failed to include any factual allegations in her Complaint sufficient to support an inference of liability. In addition, the Complaint flouts established precedent that forecloses several of Dockery's claims under the Labor Code, ERISA, and the UCL. Accordingly, Defendants move the Court to dismiss the Complaint in full.

## BACKGROUND

Dockery *is* employed by Citizens as a customer service analyst. Although the Complaint uses the past tense to describe her employment (*see generally* Compl. ¶¶ 31-36), in actuality Dockery remains employed by the company. This is confirmed by what's missing from her Complaint: any factual allegations regarding Dockery's dates of employment or her purported termination from Citizens.

And those are by no means the only important facts that Dockery fails to allege. The Complaint is utterly silent as to Dockery's salary and earnings, her regular work schedule, how often she worked overtime (or even one specific workweek in which she worked overtime and was not properly compensated), and when she was allegedly denied meal and rest periods. For instance, the Complaint alleges only that "[a]t times" Plaintiff worked more than 8 hours per day or 40 hours per week for which she did not receive overtime. Compl. ¶ 34. And she says she "was not always" provided with meal and rest periods. *Id*. ¶ 35. But nowhere in Dockery's 185-paragraph Complaint does she provide any specific factual allegations regarding the underlying substance of her claims.

## ARGUMENT

In resolving a motion to dismiss under Rule 12(b)(6), the Court considers all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The question for the Court is whether the complaint contains enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the Complaint fails *Twombly/Iqbal*'s plausibility standard and the claims must be dismissed. *Id*. at 679.

Importantly, while the Complaint's factual allegations are accepted as true, the Court cannot assume that plaintiff can prove facts not alleged in the Complaint or that a defendant has violated laws in ways not alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (distinguishing the prior "no set of facts" standard under *Conley v. Gibson*, 355 U.S. 41 (1957)). In the wage and hour context, the Ninth Circuit has held that allegations that merely "'raise the possibility' of undercompensation" are insufficient, as "a possibility is not the same as plausibility." *Landers v. Quality Commc'n, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014). For instance, courts regularly dismiss complaints that do no more than assert that "Plaintiff and class members consistently worked in excess of eight hours in a day, in excess of 12 hours in a day and/or in excess of 40 hours in a week." *Anderson v. Blockbuster, Inc.*, 2010 WL 1797249, at *3 (E.D. Cal. May 4, 2010) (citing *DeLeon v. Time Warner Cable LLC*, 2009 WL 9426145, at *3 (C.D. Cal. July 17, 2009)).

Instead, the Ninth Circuit has held that "a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a ***given*** workweek without being compensated for the hours worked in excess of forty during ***that*** week." *Landers*, 771 F.3d at 645 (emphases added). *Landers* also applies to plaintiffs who bring California Labor Code claims in federal court. *See Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1006 (N.D. Cal. 2016). Following *Landers*' guidance, this Court has dismissed wage and hour complaints where the plaintiff "fail[s] to point to any factual allegations . . . that describe *at least one specific workweek* where pay was denied." *Billington v. United Nat. Foods, Inc.*, 2020 WL 5763824, at *3-5 (E.D. Cal. Sept. 28, 2020) (Nunley, J.); *see also id*. (dismissing meal and rest period claims for failing to allege "at least one meal or rest break" where plaintiff was not paid).

I.  **The Complaint fails to state causes of action regarding alleged failures to pay overtime and minimum wages, to provide meal and rest periods or to reimburse business-related expenditures (Second, Third, Fifth, Sixth and Seventh Causes of Action).**

Dockery's Complaint is generous with penalty-stacking causes of action, but is meager with the necessary factual allegations to support her claims.  Dockery fails to allege *any* facts (as opposed to conclusory labels and legal assertions) in support of her claims that Defendants unlawfully failed to pay her overtime, failed to pay her a minimum wage, failed to provide her with meal and rest periods, and failed to reimburse her for necessary expenditures and/or took unlawful deductions from her wages.  Instead, Plaintiff merely quotes at length the language of the FLSA and sections of the California Labor Code, cites judicial decisions regarding elements of the claims, and makes generic, boilerplate allegations that Defendants did not comply with the law.  This is insufficient.

A.  <u>Failure to pay overtime</u>

As recounted above, "to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours *in a given* workweek without being compensated for the overtime hours worked during that workweek." *Landers*, 771 F.3d at 644–45 (emphasis added).  Claims that such violations "regularly" or "routinely" occurred—or that they occurred "[a]t times" (Compl. ¶ 34)—"fall short of the *Twombly*/*Iqbal* standard and are thus insufficient to state a claim for denial of overtime compensation." *Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1191 (N.D. Cal. 2014).

Of course, *Landers* does not require plaintiffs to allege, "with mathematical precision," how much overtime compensation they are allegedly due. *Landers*, 771 F.3d at 646.  But they must allege "facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Id*.

Dockery makes no such effort, and instead her "allegations simply rephrase the Labor Code provisions as factual statements, without providing any details specific" to her "to establish plausibility." *Turner v. LTF Club Mgmt. Co., LLC*, 2020 WL 4748374, at *2 (E.D. Cal. Aug. 17, 2020). Dockery recites the Labor Code and Wage Order regulations but provides no factual basis to suggest she actually worked excessive hours. Compl. ¶¶ 53–56. Rather, she conclusorily claims that "Plaintiff and others should have been classified as non-exempt employees, therefore they were entitled to overtime compensation" for all excess hours worked. *Id.* ¶ 57. She stops there. The Complaint provides zero factual support to buttress Dockery's bald legal assertions regarding misclassification and to satisfy *Landers* and provide at least a plausible inference that Dockery is entitled to relief.

**B.   <u>Failure to pay a minimum wage</u>**

The same result should follow for Dockery's FLSA and state-law claims that she was not paid a minimum wage. Compl. ¶¶ 103–117. As the Complaint never mentions—at *any* level of detail—Dockery's earnings for any given period of time or hours worked, Dockery leaves to sheer conjecture whether she ever earned less than minimum wage in any given week. *Wright v. Frontier Mgmt., LLC*, 2021 WL 2210739, at *4 (E.D. Cal. June 1, 2021) (dismissing minimum wage claim under *Landers*).

**C.   <u>Failure to provide meal and rest periods</u>**

The Complaint fares no better with respect to meal and rest periods. "While the requirements for a claim under Section 512 are straightforward—the employer failed to provide the requisite meal period—a plaintiff cannot state such a claim without any factual allegations supporting the claim." *Bellinghausen v. Tractor Supply Co.*, 2013 WL 6057847, at *3 (N.D. Cal. Nov. 15, 2013). As this Court held last year, the Ninth Circuit's standard in *Landers* applies with equal force to missed meal and rest period claims. *Billington*, 2020 WL 5763824, at *5. Dockery must allege "at least one meal

1    or rest break where [she] worked through the break and [was] not paid for that time."

2    *Id.* (quoting *Guerrero v. Halliburton Energy Servs., Inc.*, 2016 WL 6494296, at *4-5

3    (E.D. Cal. Nov. 2, 2016)).

4         As in the above claims, Dockery does not do this.  Instead she simply says she

5    was "not always" provided the breaks.  Compl. ¶ 35.  She never elaborates on when,

6    why, or how often that occurred, resting instead on conclusory labels that Defendants

7    "routinely" or "regularly" failed to meet the statutory requirements.  *Id.* ¶¶ 74, 75, 79,

8    80.  Without any allegations of her work schedule or working conditions, these claims

9    do not satisfy the *Twombly*/*Iqbal* plausibility requirement.

10        **D.    Failure to reimburse/illegal deductions**

11        Similar to the claims described above, Dockery fails to allege facts sufficient to

12   support her allegation in the seventh cause of action that Defendants violated Labor

13   Code sections 221 and 2802, and section 11090(8) of Title 8 of the California Code of

14   Regulations.  Compl. ¶¶ 137–141.

15        Dockery's claims under Labor Code section 221 and section 11090(8) of Title 8

16   of the California Code of Regulations are bereft of any factual support.  Labor Code

17   section 221 prohibits employers for unlawfully "collect[ing] or receiv[ing] from an

18   employee any part of wages theretofore paid by said employer to said employee."

19   Section 11090(8) prohibits employers from making deductions from wages or

20   requiring reimbursement from an employee "for any cash shortage, breakage, or loss

21   of equipment."   Except for the conclusory statement that Defendants had a

22   "continuous policy and/or practice of . . . deducting wages from employees" (Compl.

23   ¶¶ 140-141), the Complaint does not allege *any* facts indicating that Defendants

24   actually deducted any amounts from Dockery's wages, much less that they did so

25   unlawfully or in connection with a cash shortage, breakage or loss of equipment, nor

26   does it allege that Defendants required Dockery to reimburse them for cash shortages,

27   breakage or loss of equipment.  Indeed,  Dockery does not identify a single occasion

28

- 6 -

1    or paycheck when a deduction was made from her wages, she does not identify the

2    amount purportedly deducted, or what the deduction was for.

3        Plaintiff's allegations with respect to Section 2802 are similarly deficient.

4    While Dockery conclusorily states that "at all relevant times" she paid for the cost of

5    internet service, cell phones, telephones and workstations (*id.* ¶ 71), and that

6    Defendants had a "continuous policy and/or practice of failing to reimburse" for such

7    expenses (*id.* ¶¶ 139-140), the Complaint fails to identify any specific date or occasion

8    when Dockery actually incurred internet or cell phone expenses or used a telephone or

9    workstation that was not provided by the Company and was necessary for the

10   performance of her duties—and for which she was not reimbursed.  She does not

11   identify the amount she paid for such internet, cell phone, telephone, and workstation

12   or provide any facts that indicate why such equipment was necessary for her to

13   perform her duties.  Indeed, the claim is brought on behalf of a putative class of

14   employees who worked at Defendants' "California Call Centers" (*id.* ¶ 93)—such that

15   there is no reason to infer from the allegations in the Complaint that Dockery or the

16   other putative class members would have needed to provide their own telephone or

17   work station.

18       In sum, Dockery does not even attempt to allege facts sufficient to satisfy

19   *Landers*, such that the seventh cause of action should be dismissed.[2]

20   **II.   All the derivative claims must fail.**

21       The remaining claims in the Complaint all derive from Dockery's contentions

22   that she is owed overtime wages and meal and rest periods.  Because, as discussed

23   above, those predicate claims fail to cross the *Twombly* threshold, the derivative

24   claims should be dismissed as well.  Beyond that, however, each is fatally flawed for

25   other reasons.

26

27   [2] In addition and as discussed below, leave to amend is not warranted as to the section
     221 portion of the claim because there is no private right of action under section 221.
28   *Gatdula v. CRST Int'l, Inc.*, 2017 WL 11093975, at *5 (C.D. Cal. March 3, 2017).

## A.   The Complaint fails to state a cause of action under Labor Code sections 221 and 223 (Fourth Cause of Action).

The fourth cause of action under Labor Code sections 221 and 223—styled as the "payment of wages below designated rate for all hours worked"—appears to copy the minimum wage claim asserted in the Complaint's third claim for relief.  There are two components to Labor Code section 223, and Dockery fails to plead either.  First, she fails to identify any "designated wage scale" implemented by statute or contract. *Lenk v. Monolithic Power Sys., Inc.* 2015 WL 7429498, at *8 (N.D. Cal. Nov. 23, 2015) (dismissing section 223 claim without leave to amend as plaintiff's salary is not a designated wage scale).  She does not plead ***any*** facts regarding how much she earned, how much she contends she was owed, or what contract or wage scale applies. Instead, the Complaint only offers boilerplate recitations of the statutory elements. *See, e.g.,* Compl. ¶ 123 ("California law requires employers to pay wages in accordance with a designated wage scale.  Nevertheless, Defendants paid less than minimum wages and less than the agreed upon compensation owed to Plaintiff and the members of the putative class, while purporting to pay the designated wage scale.  As a result, Defendants' conduct violates Labor Code sections 221 and 223.").  Again, this is insufficient.

Second, Dockery fails to allege any conduct that plausibly suggests Defendants have "secretly" paid her a lower wage designated by the unalleged statute or contract. Without any allegation of secret deductions, the claim under section 223 fails because the purported failure to pay a minimum wage does not itself constitute a violation of the section.  *Dittmar v. Costco Wholesale Corp.*, 2016 WL 3387464, at *2 (S.D. Cal. June 20, 2016) (dismissing claims under sections 221 and 223 where the complaint did not allege "facts to suggest that Costco maintained a secret wage scale" or "ever took back previously paid wages").  Again, the Complaint lacks any factual allegation as to any secrecy in how Citizens paid Dockery.  Instead, she merely states that Defendants paid "less than the [unspecified] agreed upon compensation" while

- 8 -

1   "purporting to pay the [unspecified] designated wage scale."  Compl. ¶ 123.

2       The most that can be said as to the nature of the alleged wage scale is that

3   Dockery appears to contend that she was paid below California minimum wages.

4   Compl. ¶ 112; *see also id.* ¶ 45 (setting out state minimum wages).  But merely

5   pointing to the generic state-law minimum wage is not enough to drag her claim

6   across the *Twombly/Iqbal* line.  As the Complaint omits any factual, quantitative

7   allegations regarding her salary and actual hours worked, Dockery has not pleaded

8   enough to give rise to an inference that she in fact might have made less than the

9   minimum wage.

10      The Court should not treat this omission as a mere oversight, for the statutory

11  framework can readily explain why the facts were omitted.  Under Labor Code section

12  515, administratively exempt employees must be paid at ***twice*** the monthly minimum

13  wage.  Cal. Lab. Code § 515(a).  Dockery does not dispute that her monthly wage

14  exceeded this amount—as she makes zero factual allegations whatsoever as to what

15  she actually earned.  Her theory, it appears, rests on speculating that she worked so

16  many hours that her effective rate fell below the state minimum wage.  With no

17  factual guideposts regarding her actual hours or earnings, however, there's no basis to

18  make a plausible inference that this is so.  *See Landers*, 771 F.3d at 646 (insufficient

19  to "raise the possibility of under-compensation," as "a possibility is not the same as

20  plausibility").

21      Dockery's failure to include any factual "meat" on the claim reflects Dockery's

22  attempt to stretch the statute beyond its text and purpose.  Labor Code sections 221

23  and 223 "were enacted in 1937 in response to *secret deductions or 'kickbacks'* that

24  made it appear as if an employer was paying wages in accordance with an applicable

25  contract or statute, whereas, in fact, the employer was paying less." *City of Oakland v.*

26  *Hassey*, 163 Cal. App. 4th 1477, 1499–1500 (2008) (quoting *Hudgins v. Neiman*

27  *Marcus Grp., Inc*., 34 Cal. App. 4th 1109, 1118–19 (1995)); *see also Patton v.*

28  *Schneider Nat'l Carriers, Inc*., 2009 WL 10673060, at *2 (C.D. Cal. June 8, 2009);

- 9 -

1   *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1205 (2008); *Finnegan v.*

2   *Schrader*, 91 Cal. App. 4th 572, 584 (2001).  Nothing in the Complaint so much as

3   suggests that Defendants took secret deductions or kickbacks.

4          In any event, no leave to amend is warranted here.  Because even if Dockery

5   could allege facts that so much as suggested a secret deduction or kickback scheme

6   (and she cannot), the claim is unviable as a matter of law:  There is no private right of

7   action under section 223.  *See Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114,

8   1136 (N.D. Cal. 2011); *Harper v. Charter Commc'ns, LLC*, 2021 WL 603724, at *13

9   (E.D. Cal. Feb. 16, 2021).  And there is no private right of action under section 221.

10  *Gatdula v. CRST Int'l, Inc.*, 2017 WL 11093975, at *5 (C.D. Cal. March 3, 2017)

11  (noting similarities with section 223).

12          **B.     The Complaint fails to state a cause of action under Labor Code §**
13          **226(a) (Eighth Cause of Action).**

14          A wage statement claim under Labor Code section 226(a) requires the plaintiff

15  to allege facts showing "(1) a violation of § 226(a); (2) that is 'knowing and

16  intentional'; and (3) a resulting injury." *Willner v. Manpower Inc.*, 35 F. Supp. 3d

17  1116, 1128 (N.D. Cal. 2014).  Dockery, yet again, fails to allege any facts to show

18  even the first element.  Instead, she parrots the statutory language in conclusory

19  assertions that "Defendants knowingly and intentionally failed to furnish Plaintiff . . .

20  with timely, itemized statements."  Compl. ¶ 145.  Her allegations of injury are

21  likewise devoid of facts.  Instead she claims only on information and belief that

22  Defendants have not maintained business records reflecting all times Dockery worked,

23  and thus she suffers "confusion over whether [she] received all wages owed." *Id*.

24  ¶¶ 147–148.  As California federal courts have time and again held, that does not cut

25  it.  *See Turner*, 2020 WL 4748374, at *3 (dismissing wage statement claim as

26  "conclusory"); *Angeles v. U.S. Airways, Inc.*, 2013 WL 622032, at *10 (N.D. Cal. Feb.

27  19, 2013) ("Plaintiff must adequately plead an injury arising from an employer's

28

1  failure to provide full and accurate wage statements, and the omission of the required

2  information alone is not sufficient.").

3          **C.**    **The Complaint fails to state a cause of action under Labor Code**

4                    **§ 204 (Ninth Cause of Action).**

5        Dockery's ninth cause of action alleges that Defendants violated Labor Code

6  section 204 by failing to timely pay travel time, on-call time, "miscalculated wages,"

7  and meal and rest period pay premiums.  Compl. ¶ 156.  Again, her aim is transparent

8  as she includes this derivative claim in an effort to obtain significant statutory

9  penalties she claims are owed on top of the allegedly owed payments.  *Id*. ¶ 154

10 (listing penalties for violation of section 204).

11       But Dockery's attempt to stack these penalties should be rejected outright, as

12 Dockery again distorts what the statute requires.  "Section 204 requires the payment of

13 wages in a timely manner; it does not provide a right to wages."  *Johnson*, 809 F.

14 Supp. 2d at 1136, *aff'd*, 546 F. App'x 613 (9th Cir. 2013).  Section 204 is merely a

15 payment *timing* statute with the "sole purpose" of "requir[ing] an employer . . . who

16 comes within its terms to maintain two regular pay days each month."  *See's Candy*

17 *Shops, Inc. v. Super. Ct.*, 210 Cal. App. 4th 889, 904–05 (2012) (quoting *In re Moffett*,

18 19 Cal. App. 2d 7, 14 (1937) (internal quotation marks omitted)).

19       The Complaint says nothing about the timing of Citizens' regular wage

20 payments.  It does not (and cannot) allege, for example, that Defendants do not have

21 regular paydays or that Defendants' pay schedule otherwise violates section 204.

22 Instead, Dockery only alleges that she was paid an *incorrect amount* on those

23 regularly scheduled days—*i.e.,* that she did not receive the travel time, on-call time,

24 meal period premiums, etc.  Compl. ¶ 156.  (Notably, except for the passing reference

25 to travel time and on-call time as predicates for the wage statement claim, there is not

26 a single allegation in the entire Complaint about any purported failure to pay for travel

27 time or on-call time.)  Numerous courts have held that such allegations fall outside the

28 scope of section 204.  *See Romano v. SCI Direct, Inc.*, 2017 WL 8292778, at *4 (C.D.

Cal. Nov. 27, 2017) (dismissing claim under section 204 as that section "deals solely with the timing of wages" and "Plaintiffs do not allege that Defendant failed to pay them at least twice during each calendar month" (internal quotation marks and citation omitted)); *De La Torre v. Am. Red Cross*, 2013 WL 5573101, at *5 (C.D. Cal. Oct. 9, 2013); *Hadjavi v. CBS Pharmacy, Inc.*, 2010 WL 7695383, at *2 (C.D. Cal. Sept. 22, 2010) (similar).  Thus, even if Dockery's allegations of underpayment were plausible, they could not state a claim under section 204.

Moreover, Dockery lacks standing to bring her section 204 claim. The Complaint alleges that the claim is brought on behalf of the putative "Former Employee Subclass."  As described above, however, Dockery is *not* a former employee.  She has not pleaded any facts that she separated from, or was terminated by, Citizens—because she wasn't.  "A litigant must be a member of the class which he or she seeks to represent," *Sosna v. Iowa*, 419 U.S. 393, 403 (1975), and "[t]his rule applies equally to subclasses." *Sueoka v. United States*, 101 F. App'x 649, 654 (9th Cir. 2004) (citing *Betts v. Reliable Collection Agency, Ltd.*, 659 F.2d 1000, 1005 (9th Cir. 1981)).

**D.    The Complaint fails to state a cause of action for waiting time penalties under Labor Code § 203 (Tenth Cause of Action).**

Dockery's tenth cause of action asserting a violation of Labor Code section 203's waiting time penalties is unviable for the same reasons.  As Dockery remains employed by Citizens, she lacks standing to bring a claim under section 203—which relates to wages due at the time of termination—either for herself or the putative class of former employees. *Sueoka*, 101 F. App'x at 654.

In any event, the Complaint is devoid of any factual allegations that could suggest she is plausibly entitled to relief under section 203.  Dockery does not allege the date of her purported termination, the date that she received her purported final paycheck, its amount, or the amount she purportedly should have received. "[C]ourts routinely dismiss section 203 claims where the plaintiff makes only conclusory

allegations of a violation without any supporting factual content." *Soratorio v. Tesoro Refining and Mktg. Co.*, 2017 WL 8220415, at *3 (C.D. Cal. Sept. 11, 2017).  For example, when "Plaintiff does not even generally allege what wages were earned and paid at the time of termination, nor . . . allege how and in what manner any final wage payment was untimely under the Labor Code," California federal courts dismiss section 203 claims as insufficiently pleaded.  *Lopez v. Aerotek, Inc.*, 2015 WL 4504691, at *2 (C.D. Cal. July 23, 2015).

Likewise, this Court has dismissed section 203 claims where "[n]otably absent from the Complaint are any allegations as to when Plaintiffs' employment with Defendants ended, what wages were earned, and if/when the wages were paid." *Billington*, 2020 WL 5763824, at *5 (dismissing claim).

Moreover, an employer only violates section 203 if it "***willfully*** fails to pay" such wages upon termination. Labor Code § 203 (emphasis added).  California law establishes a good-faith defense whereby "there is no willful failure to pay wages if the employer and employee have a good faith dispute as to whether and when the wages were due." *Nordstrom Comm'n Cases*, 186 Cal. App. 4th 576, 584 (2010); *see also Pedroza v. PetSmart, Inc.,* 2012 WL 9506073, at *4 (C.D. Cal. June 14, 2012); Cal. Code Regs., tit. 8, § 13520 (defining "willful" as intentional failure to pay wages in the absence of a good faith dispute).

The Complaint lacks any factual allegations to suggest Defendants willfully failed to pay her earned wages at termination.  Indeed, the Complaint acknowledges that many of Dockery's duties fit within the ambit of an exempt employee.  *Brown v. Wal-Mart Stores, Inc.,* 2013 WL 1701581, at *8 n.4 (N.D. Cal. Apr. 18, 2013) ("conclusory allegations of willfulness, without further factual support, are insufficient").  Thus, as in *Soratorio*, the claim should be dismissed.  2017 WL 8220415, at *3.

### III.    The Complaint fails to state a cause of action under ERISA (Eleventh and Twelfth Causes of Action).

Unsatisfied with eleven causes of action fundamentally concerning the same disagreement over her exempt classification, Dockery brings yet two more claims under ERISA in an attempt to dress up the same arguments as alleged breaches of fiduciary duties related to a 401(k) retirement plan.  To be clear, Dockery does *not* contend that Defendants somehow mismanaged plan assets (e.g., misappropriated funds or contravened investment instructions).  Rather, she argues that Defendants failed to pay her the overtime wages that she alleges she was entitled to, thereby under-contributing to the ERISA Plan (Compl. ¶ 175) and failing to maintain records documenting the alleged overtime wages that were not paid (*id.* ¶ 168).  Beyond the allegations that Defendants underpaid Dockery under the California labor laws—and thus contributed less to her ERISA Plan than she contends she is entitled—Dockery offers no further factual allegations, instead merely reciting the elements of an ERISA breach of fiduciary duty claim.  The claims fail as a matter of law.

### A.    Dockery cannot plead a breach of an ERISA fiduciary duty.

"In every case charging breach of ERISA fiduciary duty . . . the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to [the] complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000). The specific role being played in taking the challenged action makes all the difference because employers "can be ERISA fiduciaries and still take actions to the disadvantage of employee beneficiaries, when they act as employers." *Id*. at 225.

Here, Dockery does not—and cannot—allege any factual allegations to demonstrate that Defendants acted as a fiduciary when implementing the workplace wage and hour policies of which she complains.  "When applying wage and hour practices to their employees, Defendants wear their employer hat, under which their

fiduciary duties do not attach." *Ramos v. Natures Image, Inc.*, 2020 WL 2404902, at *8 (C.D. Cal. Feb. 19, 2020) (citing *Pegram*, 530 U.S. at 225). As in *Ramos*, Dockery alleges that Defendants wore several different hats as they acted as her employer, the sponsor and administrator of the 401(k) plan, and a fiduciary of that plan under ERISA. Compl. ¶ 163.[3] But ERISA requires "that the fiduciary with two hats wear only one at a time, and wear the fiduciary hat when making fiduciary decisions." *Pegram*, 530 U.S. at 225.

As between the employer hat and the fiduciary hat, the setting of employees' wages and the business decision of implementing overtime policies are roles that plainly fall under the former hat. *Ramos*, 2020 WL 2404902, at *8. Workplace reality and common sense dictate that role assignment. "Setting compensation levels is a business decision or judgment made in connection with the on-going operation of a business," and thus "ERISA does not govern [an employer's] business decision about how to classify an employee for payroll and FLSA purposes." *LePage v. Blue Cross and Blue Shield of Minn.*, 2008 WL 2570815, at *5 (D. Minn. June 25, 2008) (internal quotation marks and citation omitted). Thus, "[t]he business decision whether to classify employees as 'exempt' or 'nonexempt' for FLSA overtime purposes may have an impact on an ERISA plan, but that does not render the claims based on that classification decision ERISA claims." *Zipp v. World Mortg. Co.*, 632 F. Supp. 2d 1117, 1124 (M.D. Fla. 2009). In corporate America, decisions about wage and workplace policies (such as meal and rest breaks) are frequently set by managers (that is, other employees). Under Dockery's view, a managing employee acts as an ERISA fiduciary to every employee under her. In ensuring that the assets in

---

[3] Defendants disagree that Frontier ever employed Dockery, but even accepting her conclusory allegation as true, Dockery does not provide any facts to suggest either Defendant acted as a fiduciary with respect to setting Citizens' wage and hour policies.

ERISA plans are managed responsibly, Congress had no designs to work such an upheaval of the workplace dynamic.

To hold otherwise would transform every claimed violation of California's wage and hour laws into a federal question under ERISA as to an employer's responsibilities as a fiduciary when implementing routine workplace policies.  As the Supreme Court explained in *Pegram*, "we know that Congress had no such haphazard boons in prospect when it defined the ERISA fiduciary," and the statute does not create "such a risk to the efficiency of federal courts" as Dockery's interpretation "would pose in welcoming such unheard-of fiduciary litigation." *Pegram*, 530 U.S. at 237; *see also Winfield v. Citibank, N.A.*, 842 F. Supp. 2d 560, 571-72 (S.D.N.Y. 2012) (rejecting same "sweeping definition of fiduciary duties under ERISA" asserted here); *Veliz v. Cintas Corp.*, 2003 WL 23857822, at *5 (N.D. Cal. Nov. 4, 2003) ("If courts did not draw a bright line between ERISA plan decisions and business decisions, an entity could be liable for every decision that affects the ERISA plan, no matter how great the benefits to the business may otherwise be.").

### B.  Dockery's ERISA-recordkeeping claim is insufficiently pleaded.

Dockery's claim regarding the maintenance of plan records also warrants dismissal.  Dockery does *not* allege that Defendants failed to keep the records required under ERISA, but instead merely contends that those records are incorrect because they do not reflect "all of the hours worked by Plaintiff . . . including overtime hours." Compl. ¶ 168.  "Again, that underlying decision [regarding her exempt classification] is an employment decision, not an ERISA Plan decision." *Zipp*, 632 F. Supp. 2d at 1125.  Contributions to the ERISA plan are measured based on compensation actually paid to the employee participant—not amounts the employee later contends were owed but went unpaid. *Id.*; *see* Zadikany Decl., Ex. A, at 70–71.[4]  Numerous other

---

[4] This Court can consider the attached 401(k) Plan because it has been incorporated by reference into Dockery's Complaint.  *See, e.g.,* Compl. ¶¶ 64, 162, 163, 167. Specifically, a court may consider documents outside the pleadings at the motion to

Case 2:21-cv-00416-TLN-CKD   Document 10   Filed 07/08/21   Page 24 of 26

1   district courts have rejected the same stratagem Dockery employs here. *LePage*, 2008

2   WL 2570815, at *5; *Steavens v. Elec. Data Sys. Corp.*, 2008 WL 3540070, at *4

3   (E.D. Mich. Aug. 12, 2008).

4        In any event, Dockery's recordkeeping count is entirely lacking "any facts to

5   support [her] conclusory allegations that Defendants' records are insufficient to

6   determine the amount of benefits due." *Steavens*, 2008 WL 3540070, at *6 . "At

7   most," Dockery has alleged that she was "not paid for [her] overtime hours." *Id*.; *see*

8   *also Zipp*, 632 F. Supp. 2d at 1124–25 & n.4 (dismissing recordkeeping ERISA claim,

9   noting "Plaintiff Walker does not allege that Defendants did not maintain records that

10  would allow a determination of their accuracy should that accuracy be called into

11  question; he alleges that the records are inaccurate because of his overtime

12  classification"). "In the end," Dockery is "attempting to take [her] substantive claim

13  that [she was] not paid overtime, and bootstrap a record-keeping violation" into her

14  Complaint. *LePage*, 2008 WL 2570815, at *5. The claim should be dismissed.

15       **C.    This Court is an improper venue for Dockery's ERISA claims.**

16       Dockery faces a further insurmountable obstacle in attempting to plead an

17  ERISA claim here. The governing ERISA Plan contains a venue-selection clause that

18  provides:

19       13.08 - Restrictions on Venue. Effective from and after January 1,

20       2017, any claim, action or suit brought or filed in court or any other

21       tribunal in connection with the Plan by or on behalf of a Claimant (as

22       defined in Section 13.05) ***shall only be brought and filed in the United***

23  dismiss stage if they are "documents whose contents are alleged in a complaint and
24  whose authenticity no party questions, but which are not physically attached to the
    [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)
25  (quotation marks and citation omitted); *see Sgro v. Danone Waters of N. Am. Inc.*, 532
26  F.3d 940, 942 n.1 (9th Cir. 2008) ("We're allowed to consider the plan documents,
    even on a motion to dismiss, because Sgro refers to them in his complaint."). Here,
27  Dockery's claims necessarily depend upon the 401(k) Plan. Defendants submit the
28  plan with this Motion. *See* Declaration of Ruth Zadikany, Ex. A.

- 17 -

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
CASE NO. 2:21-CV-00416-TLN-CKD

1    *States District Court for the District of Connecticut*.  (Zadikany Decl.,

2    Ex. A at 67.)

3        As a plan participant, Dockery is a Claimant for purposes of this venue

4    selection clause.  *Id*. at  64 ("A Participant or Beneficiary or his authorized

5    representative ('Claimant')").  And Dockery's Eleventh and Twelfth causes of action,

6    as described in the foregoing sections are pleaded in connection with the Plan.  As the

7    Plan's selection of the District of Connecticut is neither fundamentally unfair nor in

8    violation of federal policy, the Court should enforce the Plan's venue selection clause

9    and either dismiss counts eleven and twelve pursuant to Rule 12(b)(3) of the Federal

10   Rules of Civil Procedure, or transfer them pursuant to 28 U.S.C. § 1406(a).  *See*

11   *Laasko v. Xerox Corp.*, 566 F. Supp. 2d 1018, 1022–24 (C.D. Cal. 2008) (enforcing

12   ERISA plan venue selection clause and transferring).

13   **IV.   The Complaint fails to plead a violation of the UCL (Thirteenth Cause
14         of Action).**

15       As the above causes of action are unviable, the Complaint cannot plead a

16   violation of California Business and Professions Code section 17200, *et seq*. based on

17   the same allegations. Confirming the duplicitous nature of the UCL claim, Dockery

18   incorporates all of her previous causes of action as the foundation for the UCL claim.

19   Compl. ¶ 179.  As the UCL claim is a derivative claim of the other causes of action—

20   all of which are inadequately pleaded—the thirteenth cause of action must be

21   dismissed.  *Billington*, 2020 WL 5763824, at *6.

22   **V.   The Court should dismiss the First Cause of Action for lack of
23        jurisdiction.**

24       The only remaining claim is Dockery's request for declaratory relief in the first

25   cause of action.  In light of the above analysis revealing that all of Dockery's other

26   claims—including the federal claims brought under the FLSA and ERISA—are

27   inadequately pleaded, the Court should not exercise jurisdiction over this remaining

28   state-law claim.  The Declaratory Judgment Act does not provide jurisdiction for the

1   claim, as "[t]here must be an independent basis for such jurisdiction," for the Court to

2   entertain a request for declaratory relief.  *Nat'l Chiropractic Mut. Ins. Co. v. Doe,* 23

3   F. Supp. 2d 1109, 1113 (D. Alaska 1998), citing *Staacke v. U. S. Sec'y of Labor*, 841

4   F.2d 278, 280 (9th Cir. 1996).  Without any viable FLSA or ERISA claim, no such

5   basis exists here.  Dockery's First Cause of Action should thus be dismissed pursuant

6   to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

7                                         **CONCLUSION**

8        For the foregoing reasons, Defendants request that the Court dismiss the

9   Complaint in its entirety.

10

11  Dated:  July 8, 2021                    Respectfully submitted,

12

13                                          By: */s/ Ruth Zadikany*

14                                          MAYER BROWN LLP
                                            RUTH ZADIKANY (SBN 260288)
15                                          *rzadikany@mayerbrown.com*
                                            C. MITCHELL HENDY (SBN 282036)
16                                          *mhendy@mayerbrown.com*
                                            350 South Grand Avenue, 25th Floor
17                                          Los Angeles, California  90071-1503
                                            Telephone:  (213) 229-9500
18                                          Facsimile:   (213) 625-0248
19
                                            *Attorneys for Defendants*
20                                          FRONTIER COMMUNICATIONS
                                            CORPORATION and CITIZENS TELECOM
21                                          SERVICES COMPANY, LLC
22

23

24

25

26

27

28