**CHRISTINA HUMPHREY LAW, P.C.**
Christina A. Humphrey (SBN 226326)
591 Telegraph Canyon Rd, #376
Chula Vista, CA 91910
Telephone: (805) 618-2924
Facsimile: (805) 618-2939
Email: christina@chumphreylaw.com

**TOWER LEGAL GROUP, P.C.**
James A. Clark (SBN 278372)
Renee P. Ortega (SBN 283441)
Ariel A. Pytel (SBN 328917)
11335 Gold Express Drive, Ste. 105
Gold River, CA 95670
Telephone: (916) 233-2008
Email: james.clark@towerlegalgroup.com

Attorneys for Plaintiff,
SHANNON DOCKERY,
on behalf of herself and all employees similarly situated.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON DOCKERY, on behalf of herself and all employees similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CITIZENS TELECOM SERVICES COMPANY, LLC., a Delaware corporation; and DOES 1-100 inclusive, <br><br> Defendants. | **CASE NO. 2:21-cv-00416-TLN-CKD** <br><br> **FIRST AMENDED CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR :** <br><br> 1. **DECLARATORY RELIEF** <br> 2. **FLSA: FAILURE TO PAY MINIMUM, REGULAR, AND OVERTIME WAGES** <br> 3. **FAILURE TO PAY MINIMUM WAGE/OVERTIME** <br> 4. **FAILURE TO PROVIDE MEAL PERIODS** <br> 5. **FAILURE TO PROVIDE REST PERIODS** <br> 6. **FAILURE TO REIMBURSE EXPENSES** <br> 7. **FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS** <br> 8. **FOR WAITING TIME PENALTIES** <br> 9. **CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, SHANNON DOCKERY, on behalf of herself and putative and collective class members (collectively "Plaintiffs"), hereby files this Complaint against Defendants CITIZENS TELECOM SERVICES COMPANY, LLC., (hereinafter referred to as "Citizens Telecom"), a

1
FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Delaware corporation, and DOES 1 to 100, inclusive (hereinafter collectively referred to as "Defendants").  Plaintiff is informed and believes, and on the basis of that information and belief alleges, as follows:

## INTRODUCTION

1.     Defendants are telecommunications service providers that operate call and trouble-shooting services in California, and throughout the United States.  Plaintiff was a customer service analyst or customer service representative working for Defendants in California.  Throughout the relevant time period, Plaintiff and other customer service analysts or customer service representatives were generally responsible for to handle phone calls and internet chats related to internal and external customer service and to troubleshoot internal and external problems according to company policy that were related to, but not limited to, telecom and internet services, billings, orders, new service requests, disconnection of services, changes to existing services, moving existing services, correction orders, determining pricing and specials, contracts, billing and fees explanations, reconciliations, renewal of contracts, issuing service contracts, and database research.  This action is brought on behalf of Plaintiffs and similarly situated customer service representatives.

2.     At all times relevant hereto, Defendants failed to fully compensate customer service analysts or customer service representatives at least minimum wage and/or designated rates for all hours worked in violation of the FLSA and Labor Code Sections 510, 1182.12, 1194, 1194.2, 1197, 1198, and Wage Order number 4 ("IWC Wage Order No. 4").

3.     At all times relevant hereto, Defendants failed to pay Plaintiffs overtime wages in violation of the FLSA and Labor Code Sections 1194, 1198, 510(a), and Wage Order number 4 ("IWC Wage Order No. 4").

4.     At all times relevant hereto, Defendants failed to pay Plaintiffs premium wages and at the proper rate in violation of Labor Code Sections 226.7, 512, 1194.5, and Wage Order number 7 ("IWC Wage Order No. 4").

5.     At all times relevant hereto, and as a matter of policy and/or practice, Defendants failed to maintain documentation of the actual hours worked each day by Plaintiffs, all wages earned and meal breaks taken in violation of Labor Code sections 226, 1174, and the Wage Order 4.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

6.      At all times relevant hereto, and as a matter of policy and/or practice, Defendants failed to indemnify Plaintiffs for employment-related expenses including, but not limited to, but not limited to, internet service in violation of Labor Code section 2802 and IWC Wage Order No. 4.

7.      At all times relevant hereto, and as a matter of policy and/or practice, Defendants failed to pay Plaintiffs all wages due and owing upon regular payroll including, but not limited to, repayment of all unlawful deductions from wages, payment of minimum wage compensation in violation of Labor Code sections 204.

8.      At all times relevant hereto, and as a matter of policy and/or practice, Defendants failed to provide Plaintiffs with meal breaks and rest breaks and failed to pay for rest breaks, and premium wages for on-duty, missed, short, and/or late meal or rest breaks in violation of Labor Code §§ 226.7, 512, 516, and IWC Wage Order, No. 4-2001, §§ 10-12.

9.      At all times relevant hereto, and as a matter of policy and/or practice, Defendants knowingly and intentionally provided Plaintiffs with wage statements that, among other things, do not show all wages earned, all hours worked, all applicable pay rates, all applicable piece rates, all units earned, and applicable commission rates.

**PARTIES**

**A.      Plaintiff**

10.     Plaintiff SHANNON DOCKERY is an individual over the age of eighteen (18), is now, and/or at all relevant times mentioned in this Complaint was, a resident and domiciliary of the State of California, worked for Defendants in California and was denied the benefits and protections of the California Labor Code, IWC Wage Order Number Four, and the FLSA, as asserted herein.  Plaintiff worked for Defendants during the class period in the County of Sacramento.  Attached hereto as Exhibit "A" is Plaintiff's Consent to Join Form.

11.     Defendants employed Plaintiff Shannon Dockery as a customer service analyst or customer service representative for Defendants.  Throughout her employment, Defendants mis-classified Plaintiff Dockery and others with the same or similar job titles and responsibilities as exempt employees under state wage and hour laws.  Plaintiff and others should have been classified

as non-exempt employees.  In doing so, Defendants have violated numerous California labor code sections as described herein.

12.    Defendants operate call centers and trouble-shooting centers in California, as well as other locations within California and the United States, whereas call center employees handle phone calls and internet chats with Defendants' internal and external customers regarding various issues on their accounts related to telephone and internet services provided by Defendants.

**B.    Defendants**

13.    Defendant Citizens Telecom Services Company is a Delaware corporation which, on information and belief, is conducting business in good standing in California.

14.    Plaintiff is informed and believes, and based thereon alleges, that Defendant Citizens Telecom, is a corporation that did business in the State of California and the County of Sacramento and is engaged in operating call and trouble-shooting services.

15.    Plaintiff is informed and believes and based thereon alleges that some of the Doe defendants may be liable to Plaintiff under legal theories and doctrines including but not limited to (1) joint or dual employers; (2) integrated enterprise; (3) agency; and/or (4) alter ego; based in part, on the facts set forth below.

16.    DOES 1 to 100, inclusive, are now, and/or at all times mentioned in this Complaint were, licensed to do business and/or actually doing business in the State of California. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of DOES 1 to 100, inclusive, and for that reason, DOES 1 to 100 are sued under such fictitious names. Plaintiff will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

17.    Plaintiff is informed and believes and based upon such information and belief alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were, in some manner, legally responsible for the events, happenings and circumstances alleged in this Complaint.

18.    Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, all Defendants, and each of them, were and are the agents,

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

servants, employees, joint venturers, alter egos and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other co-Defendants, as herein alleges and was responsible in whole or in part for the matters referred to herein.

19.     Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff, all others similarly situated, and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleges in this Complaint.

20.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such were co-employers of Plaintiff and others similarly situated.

21.     Defendants, and each of them, at all times mentioned in this Complaint, concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified, the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleges in this Complaint.

## JURISDICTION AND VENUE

22.     This Court has original jurisdiction for the California state law claims pursuant to Federal Question Jurisdiction, 28 USC § 1331 and the Class Action Fairness Act, 28 U.S.C. § 1332. The parties to this action are residents of different states.  Upon information and belief, there are more than (100) putative class members.  As set forth in more detail below under the Factual Allegations, damages are estimated to exceed the jurisdictional minimum of $5,000,000.

23.     The United States District Court for the Eastern District of California has personal jurisdiction because Defendants conduct business within this District and Plaintiff was employed in this District.

24.     Venue is proper in this district pursuant to 28 U.S.C. §1391(a) in that Defendants are

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

subject to personal jurisdiction in this district at the time action was commenced and, pursuant to 28 U.S.C. §§ 1391(b)(c), because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Sacramento, California, and had their primary effect in this judicial district.

## FLSA COVERAGE

25.     At all material times, Defendants have been employers within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

26.     At all material times, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

27.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

28.     Defendants have an annual gross business volume of not less than $500,000.

29.     Defendants controlled the hours to be worked by Plaintiffs and Collective Action Members, provided training to Plaintiffs, directed the work of Plaintiffs, maintained communication with Plaintiffs, and received updates as to the status of their work, and provided direction on how each assigned task was to be performed by Plaintiffs.

## FACTUAL ALLEGATIONS

### A. Background

30.     Defendants provide telecommunications services throughout California and the United States. Defendants designated Plaintiffs as exempt employees.

31.     Plaintiff Shannon Doherty for Defendants was handling phone calls and internet chats related to internal and external customer service and troubleshooting internal and external problems according to company policy that were related to, but not limited to, telecom and internet services, billings, orders, new service requests, disconnection of services, changes to existing services, moving existing services, correction orders, determining pricing and specials, contracts, billing and fees explanations, reconciliations, renewal of contracts, issuing of service contracts, and database research.

32.     Plaintiff Shannon Doherty worked as customer service analyst or customer service representative and was misclassified as an exempt employee from approximately April 11, 2016, to

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

present.  As of the time of the filing of this complaint, she is a current employee.

33.     Plaintiff was generally scheduled to work 40 hours, 5 days a week.  On any given day, she may work anywhere from 8-16 hours, and on any given week, 40-60 hours.  At least one week during each year of the Relevant Time Period, she worked at minimum 50 hours in a week and was not paid overtime.  Upon information and belief, Plaintiff earned less than the California/federal minimum wage at least one day and/or week during the Relevant Time Period but requires time stamp records from software used and complete payroll information that breaks down earning bonuses to make a more specific allegation.

34.     Plaintiff regularly missed rest breaks throughout the Relevant Time Period.  Plaintiff typically took meal breaks but often after the 5th hour of work due to her workload.  At least one week during each year of the Relevant Time Period, Plaintiff missed 3-4 rest breaks and took a lunch after the 5th hour of work in at least one week during the Relevant Time Period.

35.     In approximately March of 2020, due to COVID, Plaintiff was required to work from home and not her office.  She was not reimbursed for her internet bill, which averaged approximately $70-80 a month.  Plaintiff estimates that on average fifty (50%) of the internet usage was for work.

36.     Plaintiff was (a) not compensated for all hours worked; (b) not properly compensated or given "duty free" meal and rest breaks; (c) not timely provided all wages due regularly; (d) not provided accurate wage statements; and not provided reimbursements for expenses expended on behalf of the company.  Putative Class Members are similarly situated to Plaintiff and experienced the same treatment.

**B.  Defendants' Misclassification of Plaintiffs**

37.     The administrative dichotomy, which distinguishes between administrative exempt employees and non-exempt production employees is set forth in *Bell v. Farmers Insurance Exchange* 87 Cal.App.4th 805 (2001):  "federal authorities draw a distinction between administrative employees, who are usually described as employees performing work "directly related to management policies or general business operations of his employer or his employer's customers," and production employees, who have been described as "those whose primary duty is

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

producing the commodity or commodities, whether goods or services, that the enterprise exists to produce." *Id.* at 820.

38. "A person employed in an administrative capacity means any employee: (a) Whose duties and responsibilities involve either: (I) The performance of office or non-manual work directly related to management policies or general business operations of his/her employer or his employer's customers; ... (b) Who customarily and regularly exercises discretion and independent judgment; and (c) Who regularly and directly assists a proprietor, or an employee employed in a bona fide executive or administrative capacity (as such terms are defined for purposes of this section); or (d) Who performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge; or (e) Who executes under only general supervision special assignments and tasks; and (f) Who is primarily engaged in duties that meet the test of the exemption." *Soderstedt v. CBIZ Southern California, LLC* 197 Cal.App.4th 133, 144-145 (2011).

39. Customer service employees are considered non-exempt. *Eicher v. Advanced Business Integrators, Inc.* 151 Cal.App.4th 1363, 1370 (2007).

40. One of the services Defendants provide is customer service.  Plaintiffs were customer service workers.  Their primary duty was to produce that service and even sell products that Frontier exists to produce.

41. Plaintiffs did not regularly exercise discretion and independent judgment.  They merely complied with Defendants' policies in their work.

42. Despite this, Plaintiffs classified, treated and paid Plaintiffs as exempt employees.

43. As a result, Defendants did not compensate Plaintiffs for overtime wages for work performed for over eight (8) hours per day or forty (40) hours per week or provide Plaintiffs meal periods or rest breaks.

### Defendants' Failure to Pay Minimum Wages and Designated Rates

44. IWC Wage Order, No. 4 defines "hours worked" to mean "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

45.     Labor Code § 1182.12 and IWC Wage Order, No. 4-2001, § 4 provide that on and after January 1, 2020, the minimum wage for all industries shall be not less than thirteen dollars ($13.00) per hour, and on and after January 1, 2021, the minimum wage for all industries shall be not less than fourteen dollars ($14) per hour.

46.     Labor Code § 1194(a) provides in relevant part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage [] is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage [], including interest thereon, reasonable attorney's fees, and costs of suit."

47.     Labor Code § 1194.2(a) provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

48.     Labor Code § 1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

49.     Labor Code § 204 provides: "All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

50.     Defendants mis-classified Plaintiff and others with the same or similar job titles and responsibilities as exempt employees under state wage and hour laws and the FLSA, including 29 U.S.C. §§ 201, 207, 216, and 29 C.F.R. §778.223 and 778.315.  Plaintiff and others should have been classified as non-exempt employees. In doing so, Defendants have violated numerous California labor code sections and the FLSA as described herein.

51.     Additionally, Defendants did not maintain adequate records of all wages earned, hours worked, and meal breaks taken pursuant to the Wage Order and Labor Code §1174 and the FLSA.

***Defendants' Failure to Pay Overtime Compensation***

52.     Labor Code § 1194 provides that an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full amount of this

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

53.     Labor Code § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."  Labor Code § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."  Labor Code § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

54.     Throughout the Relevant Time Period, Wage Order No. 4-2001 provided for payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a workweek, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and/or for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

55.     Defendants mis-classified Plaintiff and others with the same or similar job titles and responsibilities as exempt employees under state wage and hour laws and the FLSA, including 29 U.S.C. §§ 201, 207, 216, and 29 C.F.R. §778.223 and 778.315.   Plaintiff and others should have been classified as non-exempt employees. In doing so, Defendants have violated numerous California labor code sections and the FLSA as described herein.

56.     Plaintiff and others should have been classified as non-exempt employees, therefore they were entitled to overtime compensation for all hours worked in excess of the hours and time specified in the Wage Order, FLSA, statutes and regulations identified herein.

### Defendants' Failure to Pay All Wages Due Timely and at Termination of Employment

57.     At all times relevant hereto, Labor Code § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. Labor Code § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation.  Labor Code §

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

58.     At all time relevant thereto, California Labor Code § 204(b)(d) provides that all wages payable on a weekly, biweekly, or semimonthly payroll become due and payable within seven calendar days following the close of the payroll period.

59.     California Labor Code §210 provides for penalties for violations of Labor Code §204 in the amount of (a) $100 for an initial violation; (b) $200 for a subsequent violation, or any willful or intentional violation, $200 for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

60.     As of January 1, 2020, AB 673 amends Labor Code §210 to create a private right of action to seek penalties for late payment of payday wages.

61.     Defendants willfully and knowingly failed to pay Plaintiffs, upon termination of employment, all accrued compensation including payment of minimum wage compensation, agreed wages, overtime, and/or premium wages.

### Defendants' Failure to Maintain Accurate Employment Records

62.     Defendants have failed to keep records as required by law with respect to the overtime work performed by Plaintiffs.  In doing so, Defendants have failed to comply with Labor Code §§ 226, 1174, and Cal. Code Regs., tit. 8, § 11090 .

### Defendants' Failure to Provide Accurate, Itemized Wage Statements

63.     At all times relevant hereto, Labor Code § 226 and IWC Wage Order, No. 4-2001, § 7 required employers to maintain adequate employment records and provide employees with accurate itemized wage statements showing gross wages, total hours worked, all applicable hourly rates worked during each pay period, the corresponding number of hours worked at each hourly rate, and meal breaks taken.

64.     Wage statements provided to Plaintiffs by Defendant do not show all wages earned, all hours worked, or all applicable rates, in violation of Labor Code § 226, IWC Wage Order, No. 4-2001, § 7.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

65.     Moreover, Defendants did not maintain adequate records of all wages earned, hours worked and breaks taken.

### Defendants Failure to Reimburse for Business Related Expenses

66.     At all times relevant hereto, Labor Code 2802(a) provides than an employer indemnify his or her employee for all necessary expenditures or losses incurred by the employees in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

67.     At all relevant times, Plaintiffs have incurred necessary expenditures in direct consequence of the discharge of their duties and/or their obedience to the directions of Defendants, including but not limited to, internet service, cell phones, telephones, and workstations.

68.     Section 7 of the Wage Order provides that when tools or equipment are required by the employer or are necessary to the performance of the job, such tools and equipment shall be provided and maintained by the employer.

69.     At all relevant times, Plaintiff and the other Aggrieved Employees paid for the cost of tools or equipment required by Defendants and/or which were necessary to the performance of their job, including but not limited to, internet service, cell phones, telephones, and workstations.

### Defendants' Failure to Provide Missed, On-Duty, Short, and/or Late Meal Breaks

70.     At all times relevant hereto, Labor Code § 226.7 and IWC Wage Order, No. 4-2001, § 11, required employers to authorize, permit, and provide a meal period of not less than thirty (30) minutes when the employee is completely relieved of all duty.

71.     Plaintiffs did not waive their meal periods, by mutual consent with Defendants or otherwise. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to effectively communicate California meal period requirements to Plaintiffs.

72.     Plaintiff is further informed and believes, and based thereon alleges, that as a matter of policy and/or practice, Defendants routinely failed to provide Plaintiffs, with meal periods during which they were relived of all duties:

73.     Specifically, throughout the Relevant Time Period, Defendants regularly:

    a.   Failed to provide Plaintiffs with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

b. Failed to provide Plaintiffs with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day; and

c. Failed to pay Plaintiffs one hour of pay at their regular rate of compensation for each workday that a meal period was not provided or missed, short, late, or on-duty; and

d. Failed to accurately record all meal periods.

**Defendants' Failure to Provide and Pay for Missed, Short, Late, and On-Duty Rest Breaks**

74.    At all times relevant hereto, Labor Code § 226.7 and IWC Wage Order, No. 4-2001, § 12, required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

75.    At all times relevant hereto, Labor Code § 226.7(b) and IWC Wage Order, No. 4-2001, § 12 required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

76.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to effectively communicate California rest period requirements to Plaintiffs. Plaintiff is further informed and believes and based thereon alleges that throughout the Relevant Time Period Defendants failed to provide rest periods.

77.    Throughout the Relevant Time Period, Plaintiffs were routinely denied the rest breaks they were entitled to under California law.

78.    Specifically, throughout the Relevant Time Period, Defendant regularly:

a. Failed to provide paid rest periods of ten (10) minutes during which Plaintiffs were relieved of all duty for each four (4) hours of work and able to take rest periods within the middle of the shift;

b. Failed to pay Plaintiffs one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted or was missed, short, late, or on-duty.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

79.    Plaintiff has actual knowledge that the FLSA Class Members have also been denied minimum, regular, and overtime pay for all hours worked.  Plaintiffs worked with other FLSA Collective Members, and as such, have personal knowledge of their existence and misclassification.

80.    Other FLSA Collective Members worked for Defendant in a similar capacity and were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.

81.    FLSA Collective Members perform or have performed the same or similar work as Plaintiff, regularly work or have worked in excess of forty hours during a workweek, and are not exempt from receiving overtime pay at the federally mandated wage rate under the FLSA.

82.    The FLSA Collective Class is defined as follows:

All persons employed as exempt customer service representatives (or similar job titles and/or duties as described in this complaint) by Defendants who, at any time from three years prior to the filing of this complaint, to and through the date of judgment ("Class Period"), worked one or more shifts in a United States Call Center.

83.    Plaintiff estimates that Defendant has employed more than 100 FLSA Collective Members working throughout the United States during the last three years who were paid an hourly rate.

84.    Defendant suffered or permitted such workers to work in the last three years and intentionally failed to compensate them at the appropriate rate for all hours worked.

85.    Defendant's failure to pay minimum, regular, and overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Collective Members.

86.    The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the FLSA Collective Members.

87.    The specific job titles or precise job responsibilities of each FLSA Collective Member does not prevent collective treatment.

88.    All FLSA Collective Members, irrespective of their particular job requirements, are entitled to minimum, regular, and overtime compensation at the rate of time and a half for hours worked in excess of forty during a workweek.

14
FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

89.     Although the exact amount of damages may vary among FLSA Collective Members, the damages can be readily calculated by reference to Defendant's records and, if necessary, representative testimony.  The claims of all FLSA Collective Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all FLSA Collective Members.

## CALIFORNIA CLASS ACTION ALLEGATIONS

90.     Pursuant to Federal Rule of Civil Procedure 23(a)(1)-(4), 23(b)(2), and 23(b)(3), this action is brought and may be properly maintained as a class action.  This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

**A.  Class Definition**

91.     Plaintiff brings this suit as a class action on behalf of the Class and Sub-Class of individuals defined as follows:

> Class:  All persons employed as exempt customer service representatives (or similar job titles and/or duties as described in this complaint) by Defendants who, at any time from four years prior to the filing of this complaint, to and through the date of judgment ("Class Period"), worked one or more shifts in California Call Centers.

**B.      Numerosity**

92.     Plaintiff is informed and believes, and based on such information and belief alleges, that during the class period, hundreds of putative class members have worked for Defendant as customer service analysts or customer service representatives.  Because so many persons have worked for Defendant in this capacity, the putative members of the Class are so numerous that joinder of all members is impossible and/or impracticable. While the exact number and specific identities of the member class is presently unknown to Plaintiff, this information may readily be ascertained through inspection of Defendant's business records.

**C.  Commonality**

93.     Plaintiff is informed and believes, and based on such information and belief alleges, that numerous questions of law and/or fact are common to all members of the Class including, without

limitation:

    a.  Whether Defendants misclassified Plaintiffs as exempt employees;

    b.  Whether Defendants required, encouraged, suffered, or permitted customer service analysts or customer service representatives to perform certain work-related duties without compensation equal to at least the California minimum wage;

    c.  Whether Defendants violated Labor Code sections 1182.11 and 1194 and IWC Wage Order Four, section 4 and by failing to pay customer service analysts or customer service representatives minimum wage and/or overtime compensation for all hours worked;

    d.  Whether Defendants violated Labor Code sections 221 and 223 by failing to pay customer service analysts or customer service representatives at the designated rate and/or minimum wage for all hours worked;

    e.  Whether Defendants failed to provide adequate off-duty meal periods and meal period compensation, in violation of Labor Code sections 226.7, 512 and 516 and IWC Wage Order Four, section 11;

    f.  Whether Defendants required, encouraged, suffered, or permitted customer service analysts or customer service representatives to work while clocked out for their meal periods;

    g.  Whether Defendants failed to provide rest periods and rest period compensation, in violation of Labor Code sections 226.7, 512 and 516 and IWC Wage Order Four, section 12;

    h.  Whether Defendants failed to reimburse customer service analysts or customer service representatives for all work-related expenses and/or made illegal deductions from wages as prohibited by Labor Code sections 2802, and Cal. Code Regs. Title 8, section 11090(8);

    i.  Whether Defendants knowingly and intentionally failed to provide customer service analysts or customer service representatives with accurate, itemized statements, as required by Labor Code section 226 and IWC Wage Order Four, section 7;

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

j. Whether Defendants violated Labor Code section 1174 and IWC Wage Order Four, section 7 by failing to maintain documentation of the actual hours worked each day by customer service analysts or customer service representatives;

k. Whether Defendants violated Labor Code section 1174 and IWC Wage Order Four, section 7 by failing to document meal periods;

l. Whether Defendants' conduct constitutes unlawful, unfair and/or fraudulent business practices under the UCL;

m. Whether Class members are entitled to compensatory damages requiring Defendants to pay Class members for unpaid wages;

n. Whether Class members are entitled to liquidated damages from Defendants for unpaid minimum wages under Labor Code section 1194.2;

o. Whether Class members are entitled to restitution of minimum wages, or wages at the designated rates;

p. Whether Class members are entitled to meal period wages;

q. Whether Class members are entitled to restitution of meal period wages;

r. Whether Class members are entitled to rest period wages;

s. Whether Class members are entitled to statutory penalties;

t. Whether Defendant is liable for prejudgment interest;

u. Whether Defendant is liable for attorneys' fees and costs.

**D. Typicality**

94.     Plaintiff is informed and believes, and based on such information and belief alleges, that their claims are typical of the claims of all members of the Class whom they seek to represent. Defendant treated both Plaintiff and all members of the Class in a virtually identical manner with respect to the violations of law asserted herein. These violations of law arise out of Defendant's common course of conduct in, inter alia (a) requiring members of the Class to work hours for which they were not properly compensated in terms of basic minimum wages and/or designated rates and/or overtime; (b) requiring members of the Class to forego duty free meal breaks and paid rest breaks to which they were entitled; (c) receive inaccurate wage statements; (d) requiring member of the Class

to front expenses for the Defendants for which they were not reimbursed; (e) failing to pay all wages owed regularly and upon termination; and (f) endure unfair business practices within the meaning of the UCL.

**E.  Adequacy of Representation**

95.     Plaintiff is informed and believes, and based on such information and belief allege, that Plaintiff will fairly and adequately protect the interests of the members of the Class they seek to represent.  Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class and Subclasses she seeks to represent. Plaintiff has retained counsel competent and experienced in the prosecution of complex class actions and Plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the Class.  Plaintiff and her counsel will fairly and adequately protect the interests of the Class members.

**F.  Superiority**

96.     Plaintiff is informed and believes, and based on such information and belief allege, that this action is properly brought as a class action, not only because the prerequisites of Rule 23 and common law related thereto are satisfied (as outlined above), but also because of the following:

    a.  The prosecution of separate actions by or against individual members of the Class would create risk if inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards for conduct for the party opposing the Class;

    b.  Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not pursuant to Labor Code sections 1182.12, 1194, 1197, and the applicable parties to the adjudications or substantially impair or impede their ability to protect their interests;

    c.  Defendant has acted or refused to act on grounds generally applicable to all members of the Class, making declaratory relief appropriate with respect to all of the Class;

    d.  Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

    e.  Class treatment is superior to other available methods for the fair and efficient

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

adjudication of the controversy.

## FIRST CAUSE OF ACTION

### DECLARATORY RELIEF

**(By Plaintiffs Against All Defendants)**

97.     Plaintiffs hereby incorporate by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

98.     An actual controversy has arisen between Plaintiffs and on the one hand, and Defendants on the other, relating to the following matters:

a. Whether Plaintiffs were misclassified by Defendants as exempt employees when, in fact they were non-exempt employees.

99.     Accordingly, Plaintiffs seek declaratory relief against all Defendants herein, which declares them to be non-exempt employees.

100.     The declaratory relief statute is embodied in California's Code of Civil Procedure but creates a cause of action.

## SECOND CAUSE OF ACTION

### NATIONWIDE: FAILURE TO PAY MINIMUM, REGULAR, AND OVERTIME WAGES

**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.)**

**(By Plaintiffs and the FLSA Collective Against All Defendants)**

101.     Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein Plaintiffs, individually and on behalf and the members of the collective assert claims for unpaid minimum, regular, and overtime wages pursuant to the FLSA.

102.     At any and all times relevant hereto, Defendants were enterprises engaged in commerce" within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

103.     At any and all times relevant hereto, Defendants were "employers" of the Plaintiffs and the members of the collective within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

104.     At any and all times relevant hereto, Plaintiffs and the members of the collective were

19

"employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

105.    Plaintiffs and the members of the collective were not paid for all time worked during the applicable statutory time period, in violation of the provisions of the FLSA, including 29 U.S.C. §§ 201, 207, 216, and 29 C.F.R. §778.223 and 778.315.

106.    At all times relevant hereto, Defendant's failure to pay Plaintiffs and the members of the class collective for all time worked was willful in that, among other things: (a) Defendant knew that the FLSA required it to pay for all time worked; (b) Defendant failed to maintain true and accurate time records; (c) Defendant encouraged Plaintiffs and other similarly situated employees to not record all time worked; and (d) Defendants intentionally misclassified Plaintiffs as exempt to avoid paying overtime.

107.    As a direct and proximate result thereof, Plaintiffs and the members of the class described are due unpaid back wages and liquidated damages, interest and statutory costs as provided by law.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGE AND OVERTIME FOR ALL HOURS WORKED

### (By Plaintiffs Against All Defendants)

108.    Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

109.    Pursuant to Labor Code sections 1182.12, 1194 and 1197 and IWC Wage Order Four, section 4, Plaintiff may bring a civil action for unpaid minimum wages directly against an employer.

110.    At all relevant times herein, Labor Code sections 1182.12, 1194 and 1197 and IWC Wage Order Four, section 4, provided for payment of state-law minimum wages at the rate described therein.

111.    Defendants' compensation scheme did not fairly compensate customer service analysts or customer service representatives for all hours worked, including time spent working on-duty during meal breaks.

112.    In addition, by failing to maintain adequate time records as required by Labor Code section 1174(d) and IWC Wage Order Four, section 7(A), Defendant has made it difficult to calculate

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

the minimum wage compensation due Plaintiff and the members of the putative class.

113.    Defendants owe Plaintiff and the members of the putative class minimum wages and liquidated damages pursuant to Labor Code sections 1182.12, 1194, 1194.2 and 1197, IWC Wage Order Four, section 4, due in amounts to be determined at trial during the three (3) years prior to the filing of this the initial Complaint.

114.    Plaintiff and the members of the putative class request payment of unpaid minimum wages due in amounts to be determined at trial, interest, attorneys' fees and costs, against Defendant in a sum as provided by the Labor Code and/or other statutes.

115.    Plaintiff and the other Class members also request relief as described below.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (By Plaintiffs Against All Defendants)

116.    Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

117.    Plaintiff is informed and believes, and based thereon alleges, that Plaintiff and the members of the putative class regularly worked more than five (5) hours per shift and were entitled to a meal period of not less than thirty (30) minutes without duty.  Plaintiff is further informed and believes, and thereon alleges, that Plaintiff and the members of the putative class regularly worked more than ten (10) hours per shift and were entitled to a second meal period of not less than thirty (30) minutes without duty.

118.    Nevertheless, Plaintiff is informed and believes, and thereon allege, that Defendants routinely failed to provide Plaintiff and the members of the putative class with such meal periods without duty, notwithstanding the fact that Plaintiff and the members of the putative class had not waived their right to the same. Thus, Defendants failed to provide Plaintiff and the members of the putative class with meal periods required by Labor Code sections 226.7, 512, 516 and IWC Wage Order Four, section 11 and categorically failed to pay any and all meal period wages due.

119.    Plaintiff and the members of the putative class seek damages pursuant to Labor Code section 226.7(b) and IWC Wage Order Four section 11(D), in the amount of one additional hour of

1   pay at the regular rate for each work day that the meal period is/was not provided to Plaintiff and any

2   member of members of the putative class, the cumulative sum of which is to be determined at trial.

3          120.    Plaintiff and the members of the putative class seek prejudgment interest on all

4   amounts recovered herein pursuant to Labor Code sections 218.6, 1194(a) and the California Civil

5   Code sections 3287(b) and 3289.

6                              **FIFTH CAUSE OF ACTION**

7                         **FAILURE TO PROVIDE REST PERIODS**

8                         **(By Plaintiffs Against All Defendants)**

9          121.    Plaintiff hereby incorporates by reference each and every one of the allegations

10   contained in the preceding paragraphs as if the same were fully set forth herein.

11          122.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff and the members

12   of the putative class were entitled to a paid rest period of not less than ten (10) minutes without duty

13   for each and every four (4) hours worked during the workday.

14          123.    Nevertheless, Plaintiff is informed and believes, and based thereon alleges, that

15   Defendants routinely failed to provide Plaintiff and the members of the putative class with such paid

16   rest periods without duty, notwithstanding the fact that Plaintiff and the members of the putative class

17   had not waived their right to the same. Thus, Defendants failed to provide Plaintiff and the members

18   of the putative class with rest periods required by Labor Code sections 226.7, 512, and 516, IWC

19   Wage Order Four, section 12, and categorically failed to pay any and all meal period wages due.

20          124.    Plaintiff and the members of the putative class seek damages pursuant to Labor Code

21   section 226.7(b) and IWC Wage Order Four section 12(B), in the amount of one additional hour of

22   pay at the regular rate for each work day that the rest period is/was not provided to Plaintiff and any

23   member of the putative class, the cumulative sum of which is to be determined at trial.

24          125.    Plaintiff and the members of the putative class seek prejudgment interest on all

25   amounts recovered herein pursuant to Labor Code sections 218.6 and 1194(a) and the California

26   Code sections 3287(b) and 3289.

27                              **SIXTH CAUSE OF ACTION**

28                     **FAILURE TO REIMBURSE/ILLEGAL DEDUCTIONS**

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

**(By Plaintiffs Against All Defendants)**

126.    Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

127.    An employer shall indemnify employees for all necessary expenditures or losses incurred by the employees in direct consequence of the discharge of the employees' duties, or the employees' obedience to the directions of the employer. Further, an employer shall not collect or receive from an employee any part of wages theretofore paid by employer to employee.

128.    Defendants have a continuous policy and/or practice of failing to reimburse and/or indemnify Plaintiff and the Class members for, including, but not limited to, internet service, cell phones, telephones, and workstations used for business related purposes.

129.    Said continuous policy and/or practice of failing to reimburse Plaintiff and Class Members and deducting wages from employees is illegal under Labor Code sections 2802, and Cal. Code Regs. Title 8, section 11090(8).

130.    As a direct result of Defendants' policy of failing to reimburse Plaintiff and Class Members and deducting wages from employees, Plaintiff and those similarly situated have been damaged in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

**(By Plaintiffs Against All Defendants)**

131.    Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

132.    Defendants failed to pay Plaintiff and the members of the putative class for all hours worked by Plaintiff and the members of the putative class during the relevant time period.

133.    Labor Code section 226(a) and IWC Wage Order Four, section 7(B) require employers to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee, on a semi-monthly basis or at the time of each payment of wages.

134.    Defendants knowingly and intentionally failed to furnish Plaintiff and the members of the putative class with timely, itemized statements in compliance with Labor Code section 226(a) and

IWC Wage Order Four section 7(B).

135.    Plaintiff is informed and believes, and thereon alleges, that Defendants knowingly and intentionally failed to furnish Plaintiff and the members of the putative class with timely, itemized statements showing (a) total hours worked, (b) gross wages earned, (c) all deductions, and/or (d) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

136.    Plaintiff is informed and believes, and based thereon alleges, that Defendants did not maintain accurate business records pertaining to times worked for Defendants by Plaintiff and the members of the putative class.

137.    As a result of not having kept accurate records, Plaintiff and the members of the putative class suffered injuries in the form of confusion over whether they received all wages owed to them, and difficulty and expense in reconstructing time and pay records in addition to other injuries which may come to light during the discovery process.

138.    Plaintiff and the members of the putative class herein seek damages and penalties pursuant to Labor Code section 226(e) for Defendant's violations of Labor Code section 226(a).

139.    Plaintiff and the members of the putative class also seek preliminary and permanent injunctive relief and an award of reasonable attorneys' fees and costs pursuant to Labor Code section 226(h).

140.    Plaintiff and the members of the putative class also request relief as described below.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PAY COMPENSATION TIMELY

**(By Plaintiffs Against All Defendants)**

141.    Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

142.    Labor Code section 204 (b)(d) provides that all wages payable on a weekly, biweekly, or semimonthly payroll become due and payable within seven calendar days following the close of the payroll period.

143.    California Labor Code section 210 provides for penalties for violations of Labor Code

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

section 204 in the amount of (a) $100 for an initial violation; (b) $200 for a subsequent violation, or any willful or intentional violation; (b) $200 for a subsequent violation, or any willful or intentional violation, $200 for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

144.    As of January 1, 2020, AB 673 amends Labor Code section 210 to create a private right of action to seek penalties for late payment of payday wages.

145.    Plaintiff is informed and believes and based thereon alleges that Defendants consistently and willfully failed to timely pay Plaintiff and members of the Putative Class, all wages due and owing in a timely fashion, including wages due for miscalculated and unpaid wages owed (including overtime), and for premium pay at the correct rate for meal and rest periods as set forth hereinabove.

## NINTH CAUSE OF ACTION

### CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, *ET SEQ.*

### (By Plaintiffs Against All Defendants)

146.    Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

147.    Defendants, and each of them, committed acts of unfair competition as defined by California Business and Professions Code section 17200, et. seq., by engaging in the following unlawful, unfair and fraudulent business acts and practices in the State of California:

      a.  Failing to pay minimum wage compensation to Plaintiff and the members of the putative class for all hours worked;

      b.  Failing to pay wages at the designated rate under Labor Code 221-223 to Plaintiff and the members of the putative class for all hours worked;

      c.  Failing to pay overtime to Plaintiff and the members of the putative class for hours worked over eight (8) in a day and forty (40) in a week;

      d.  Failing and refusing to provide meal periods to Plaintiff and the members of the putative class;

      e.  Failing and refusing to pay premium wages for on-duty, missed, short, or late meal

1    periods;

2    f.   Failing and refusing to provide rest periods to Plaintiff and the members of the putative

3         class;

4    g.   Failing and refusing to pay premium wages for missed, short, or late rest periods;

5    h.   Failing and refusing to provide accurate itemized wage statements to Plaintiff and the

6         members of the putative class;

7    i.   Failing and refusing to pay all wages when regularly due and upon termination; and

8    j.   Failing and refusing to maintain payroll records showing the actual hours worked each

9         day by Plaintiff and the members of the putative class.

10   148.   As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts

11   and practices described herein, Defendants have received and continue to hold ill-gotten gains

12   belonging to Plaintiff and the members of the putative class. As a direct and proximate result of

13   Defendants' unlawful business practices, Plaintiff and the members of the putative class have suffered

14   economic injuries including, but not limited to, loss of minimum wage/designated rate/overtime

15   compensation and compensation for missed meal and rest periods.

16   149.   Through Defendants' use of such unlawful, unfair, and/or fraudulent acts and practices,

17   Defendants have gained an unfair advantage over Defendants' competitors.

18   150.   Plaintiff and the members of the putative class seek full restitution on account of the

19   economic injuries they have suffered, along with disgorgement of ill-gotten gains from Defendants as

20   necessary and according to proof, to restore any and all monies withheld, acquired and/or converted

21   by Defendant by means of the unlawful, unfair and fraudulent business practices complained of herein.

22   151.   Plaintiff and the members of the putative class seek appointment of a receiver, as

23   necessary, to oversee said restitution, including all wages earned and unpaid, including interest

24   thereon.

25   152.   Further, if Defendants are not enjoined from engaging of the unlawful, unfair and

26   fraudulent conduct described above, Defendants will continue unabated in their conduct, which will

27   result in continued irreparable injury to Defendants' competitors and members of the public including,

28   but not limited to, members of the putative class who currently work for Defendants, and for which

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

there is no adequate remedy at law.  Thus, Plaintiff and the members of the putative class request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

153.   Plaintiff and the members of the putative class also request relief as described below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

a. An order certifying the class and sub-class identified herein;

b. An order appointing Plaintiff as representative of the class and sub-class identified herein;

c. An order appointing Plaintiff's counsel as class counsel;

d. Damages;

e. Restitution;

f. Statutory penalties;

g. Pre-judgment and post-judgment interest;

h. Costs of suit;

i. Reasonable attorneys' fees; and

j. Such other and further relief as the Court may deem necessary or appropriate.

DATED:  July 29, 2021                         CHRISTINA HUMPHREY LAW, P.C.
                                              TOWER LEGAL GROUP


                                        By:    /s/Christina A. Humphrey
                                              CHRISTINA A. HUMPHREY
                                              JAMES A. CLARK
                                              RENEE ORTEGA
                                              Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff hereby demand trial of Plaintiff's and the members of the putative class' claims by jury to the extent authorized by law.

DATED:  July 29, 2021                    CHRISTINA HUMPHREY LAW, P.C.
                                         TOWER LEGAL GROUP


                                   By:    _/s/Christina A. Humphrey_
                                          CHRISTINA A. HUMPHREY
                                          JAMES A. CLARK
                                          RENEE ORTEGA
                                          Attorneys for Plaintiffs

EXHIBIT A

DocuSign Envelope ID: 8CC9F21C-84BC-466C-9BFD-9A8CC4479132

# Consent to Join Form

### Consent to sue under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b)

1. I, the undersigned, agree to pursue my minimum wage and overtime claims arising out of work performed as a non-exempt employee of Frontier Communications, Corporation and Citizens Telecom Services Company, LLC (Defendants). between the time frame of April 2015 to present ("relevant time period"), in the lawsuit entitled *Shannon Dockery et. Al. v. Frontier Communications, Corporation, et al.*, being filed in the United States District Court, Eastern District of California.

2. I was an exempt employee working for Defendants.  I performed work for Defendants, and throughout my employment, I was mis-classified as an exempt employee under state wage and hour laws and the FLSA.

3. I understand that this lawsuit is brought pursuant to the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201-219, and other relief under state and federal law.

4. I consent, agree and opt in to become a plaintiff and to be bound to any judgment by the Court or any settlement of this action.

5. I choose to be represented in this action by the named plaintiffs, together with Christina Humphrey Law, P.C. and Tower Legal Group, P.C. ("Plaintiffs' Counsel").  I agree to be bound by their decisions in the litigation and by any adjudication of this action by a court, whether it is favorable or unfavorable.  I understand that reasonable costs expended by Plaintiffs' Counsel on my behalf will be deducted from any settlement or judgement amount on a pro-rated basis among all other plaintiffs.  I understand that Plaintiffs' Counsel will petition the Court to award them attorneys' fees from any settlement or judgment.

Print Name: Shanon Dockery

Signature: _____
DocuSigned by:
F14A51EC760142C...

Date: 3/9/2021