1   **MAYER BROWN LLP**
    RUTH ZADIKANY (SBN 260288)
2   *rzadikany@mayerbrown.com*
    C. MITCHELL HENDY (SBN 282036)
3   *mhendy@mayerbrown.com*
    350 South Grand Avenue, 25th Floor
4   Los Angeles, California 90071-1503
    Telephone: (213) 229-9500
5   Facsimile: (213) 625-0248
6
7   *Attorneys for Defendant*
    CITIZENS TELECOM SERVICES
8   COMPANY, LLC

9              **UNITED STATES DISTRICT COURT**

10            **EASTERN DISTRICT OF CALIFORNIA**

11

12  SHANNON DOCKERY, on behalf of         Case No. 2:21-cv-00416-TLN-CKD
    herself and all employees similarly
13  situated,                              **DEFENDANT CITIZENS**
                                           **TELECOM SERVICES COMPANY,**
14              Plaintiff,                 **LLC's NOTICE OF MOTION AND**
                                           **MOTION TO DISMISS AND**
15       v.                                **STRIKE PORTIONS OF**
                                           **PLAINTIFF'S FIRST AMENDED**
16  CITIZENS TELECOM SERVICES             **CLASS ACTION AND**
    COMPANY, LLC, a Delaware               **COLLECTIVE ACTION**
17  corporation; and DOES 1-100 inclusive, **COMPLAINT**
18                                         FAC Filed: July 29, 2021
                Defendants.
19                                         Date: September 30, 2021
20                                         Time: 2:00 pm
                                           Courtroom: 2, 15th Floor
21
22                                         Hon. Troy L. Nunley
23                                         *[Declaration of Ruth Zadikany and*
24                                         *[Proposed] Order filed concurrently]*
25
26
27
28

**NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE**

**PLEASE TAKE NOTICE** that on September 30, 2021, at 2:00 p.m., or as soon thereafter as this matter may be heard, in Courtroom 2 of the United States District Court for the Eastern District of California, located at 501 I Street, Sacramento, California 95814, before the Honorable Troy Nunley, Defendant Citizens Telecom Services Company, LLC ("Citizens") will, and hereby does, move this Court for an order dismissing portions of Plaintiff Shannon Dockery's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Citizens also moves to strike portions of the FAC under Federal Rule of Civil Procedure 12(f). Specifically, Citizens requests that the Court dismiss portions of the FAC on the following grounds:

1.     Dockery's Second and Third Causes of Action for failure to pay minimum wage should be dismissed because Dockery fails to allege facts sufficient to state a claim and meet the pleading requirements of the Federal Rules of Civil Procedure, as clarified in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

2.     Dockery's Third Cause of Action for failure to keep adequate records should be dismissed because no private right of action exists for violations of Labor Code section 1174.

3.     Dockery's Fourth Cause of Action for failure to provide compliant meal periods should be dismissed because Dockery fails to allege facts sufficient to state a claim and meet the pleading requirements of the Federal Rules of Civil Procedure, as clarified in *Twombly* and *Iqbal*.

4.     Dockery's Fifth Cause of Action for failure to provide compliant rest periods should be dismissed because Dockery fails to allege facts sufficient to state a claim and meet the pleading requirements of the Federal Rules of Civil Procedure, as clarified in *Twombly* and *Iqbal*.

5.     Dockery's Sixth Cause of Action to the extent it is predicated on alleged

"illegal" or "unlawful deductions" in violation of Cal. Code Regs. Title 8, section 11090(8), because Dockery fails to allege facts sufficient to state a claim and meet the pleading requirements of the Federal Rules of Civil Procedure, as clarified in *Twombly* and *Iqbal*.

6.      Dockery's Sixth Cause of Action to the extent it is predicated on the alleged failure to reimburse and/or indemnify Dockery and the putative class members for cell phones, telephones, and workstations used for work-related purposes because Dockery fails to allege facts sufficient to state a claim and meet the pleading requirements of the Federal Rules of Civil Procedure, as clarified in *Twombly* and *Iqbal*.

7.      Dockery's Eighth Cause of Action for violation of California Labor Code section 204 because the statute only addresses timeliness of pay periods, which is not at issue in the FAC.

8.      Dockery's Ninth Cause of Action for violation of California's Unfair Competition Law, to the extent it is predicated on the failure to pay minimum wages, failure to pay wages at the designated rate under Labor Code sections 221-223, failure to provide meal and rest periods, failure to pay all wages owed upon termination, and failure to maintain payroll records showing the actual hours worked each day by Dockery and the putative class members, because such predicate claims are not viable for the reasons described above.

Citizens also requests that the Court strike the following portions of Dockery's FAC because they are immaterial and impertinent to the FAC:

1.      **Caption Page, Page 1:** "8. For Waiting Time Penalties"

2.      **Paragraph 2, Page 2, Line 17:** "designated rates"

3.      **Paragraph 5, Page 2, Line 26-28:** "At all times relevant hereto, and as a matter of policy and/or practice, Defendants failed to maintain documentation of the actual hours worked each day by Plaintiffs, all wages earned and meal breaks taken in violation of Labor Code sections 226 and 1174, and the Wage Order 4."

4.     **Paragraph 7, Page 3, Lines 5-6:** "repayment of all unlawful deductions from wages"

5.     **Paragraph 51, Page 9, Lines 23-25:** "Additionally, Defendants did not maintain adequate records of all wages earned, hours worked, and meal breaks taken pursuant to the Wage Order and Labor Code §1174 and the FLSA."

6.     **Paragraph 57, Page 10, Line 25, to Page 11, Line 3:** "At all times relevant hereto, Labor Code § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. Labor Code § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation.  Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days."

7.     **Paragraph 61, Page 11, Lines 13-15:** "Defendants willfully and knowingly failed to pay Plaintiffs upon termination of employment, all accrued compensation including payment of minimum wage compensation, agreed wages, overtime and/or premium wages."

8.     **Paragraph 62, Page 11, Lines 17-19:** "Defendants have failed to keep records as required by law with respect to the overtime work performed by Plaintiffs. In doing so, Defendants have failed to comply with Labor Code §§ 226, 1174, and Cal. Code Regs., tit. 8, § 11090."

9.     **Paragraph 67, Page 12, Line 10:** "cell phones, telephones, and workstations"

10.     **Paragraph 69, Page 12, Line 16:** "cell phones, telephones, and workstations"

11.     **Paragraph 93(d), Page 16, Lines 10-12:** "Whether Defendants violated Labor Code sections 221 and 223 by failing to pay customer service analysts or

customer service representatives at the designated rate and/or minimum wage for all hours worked;"

12. **Paragraph 93(h), Page 16, Lines 23-25:** "and/or made illegal deductions from wages as prohibited by Labor Code sections 2802, and Cal. Code Regs. Title 8, section 11090(8)"

13. **Paragraph 93(i), Page 16, Lines 26-28:** "Whether Defendants knowingly and intentionally failed to provide customer service analysts or customer service representatives with accurate, itemized statements, as required by Labor Code section 226 and IWC Wage Order Four, section 7;"

14. **Paragraph 93(j), Page 17, Lines 1-3:** "Whether Defendants violated Labor Code section 1174 and IWC Wage Order Four, section 7 by failing to maintain documentation of the actual hours worked each day by customer service analysts or customer service representatives;"

15. **Paragraph 93(k), Page 17, Lines 4-5:** "Whether Defendants violated Labor Code section 1174 and IWC Wage Order Four, section 7 by failing to document meal periods;"

16. **Paragraph 93(o), Page 17, Lines 13:** "designated rates"

17. **Paragraph 94(a), Page 17, Line 26:** "designated rates"

18. **Paragraph 94(e), Page 18, Line 2:** "upon termination"

19. **Paragraph 112, Page 20-21, Lines 27-1:** "In addition, by failing to maintain adequate time records as required by Labor Code section 1174(d) and IWC Wage Order Four, section 7(A), Defendant has made it difficult to calculate the minimum wage compensation due Plaintiff and the members of the putative class."

20. **Sixth Cause of Action, Page 22, Line 28:** "ILLEGAL DEDUCTIONS"

21. **Paragraph 127, Page 23, Lines 6-7:** "Further, an employer shall not collect or receive from an employee any part of wages theretofore paid by employer to employee."

22. **Paragraph 128, Page 23, Lines 9-10:** "cell phones, telephones, and

1  workstations"

2      23.    **Paragraph 129, Page 23, Lines 12-13:** "and deducting wages from

3  employees" and "Cal. Code Regs. Title 8, section 11090(8)"

4      24.    **Paragraph 130, Page 23, Line 15:** "and deducting wages from

5  employees"

6      25.    **Paragraph 147(b), Page 25, Lines 22-23:** "Failing to pay wages at the

7  designated rate under Labor Code 221-223 to Plaintiff and the members of the

8  putative class for all hours worked;"

9      26.    **Paragraph 147(i), Page 26, Line 7:** "upon termination"

10      27.    **Paragraph 147(j), Page 26, Lines 8-9:** "Failing and refusing to maintain

11  payroll records showing the actual hours worked each day by Plaintiff and the

12  members of the putative class."

13      28.    **Paragraph 148, Page 26, Line 14:** "designated rate"

14

15      This Motion is based on this Notice of Motion and Motion, the accompanying

16  Memorandum of Points and Authorities, Declaration of Ruth Zadikany, the First

17  Amended Complaint, the pleadings, records, and files in this action, and any argument

18  that the Court may entertain at any hearing on this matter.

19

20  Dated:  August 26, 2021          MAYER BROWN LLP

21

22                      By: */s/ Ruth Zadikany*

23                        Ruth Zadikany
                      C. Mitchell Hendy

24                      *Attorneys for Defendant*

25                      CITIZENS TELECOM SERVICES
                    COMPANY, LLC

26

27

28

1

# <u>TABLE OF CONTENTS</u>

2

**Page**

INTRODUCTION ................................................................................................. 1

SUMMARY OF ALLEGATIONS......................................................................... 2

ARGUMENT.......................................................................................................... 4

    I.    Legal Standards........................................................................................ 4

           A.    Motion to Dismiss under Federal Rule of Civil Procedure
                 12(b)(6) .................................................................................... 4

           B.    Motion to Strike under Federal Rule of Civil Procedure
                 12(f) ......................................................................................... 6

    II.    Dockery's Claims for Unpaid Minimum Wage, Failure to
           Provide Meal and Rest Periods, and Failure to
           Reimburse/Unlawful Deductions Lack Factual Support and
           Should Be Dismissed ............................................................................... 6

           A.    Failure to pay minimum wage (Second and Third Causes
                 of Action)................................................................................. 7

           B.    Failure to provide meal and rest periods (Fourth and Fifth
                 Causes of Action) .................................................................... 8

           C.    Failure to reimburse/illegal deductions (Sixth Cause of
                 Action) .................................................................................. 10

    III.    Dockery Fails to State a Claim under Labor Code § 204 (Eighth
           Cause of Action) ................................................................................... 12

    IV.    Dockery Fails to Plead Facts to Support a Record-Keeping
           Claim under Labor Code Section 1174 (Third and Ninth Causes
           of Action) .............................................................................................. 13

    V.    Dockery's References to Purported Violations of Labor Code
           Sections 221 and 223 Should Be Stricken and Any Claims
           Based on Such Purported Violations Should Be Dismissed.............. 14

    VI.    Dockery's References to Purported Violations of Labor Code
           Section 203 or Failure To Timely Pay Wages Upon
           Termination Should Be Stricken.......................................................... 16

    VII.    Dockery's Derivative Unfair Competition Law Claim Should
           Be Dismissed To the Extent Predicated on the Above-
           Referenced Claims (Ninth Cause of Action) ..................................... 17

    VIII.  Dismissal Should Be With Prejudice.................................................. 18

CONCLUSION..................................................................................................... 18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Blockbuster, Inc.*,
2010 WL 1797249 (E.D. Cal. May 4, 2010) ........................................................ 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................ 4

*Bass v. Dollar Tree Stores, Inc.*,
2007 WL 2462150 (N.D. Cal. Aug. 29, 2007) .................................................. 16

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................ 4

*Bellinghausen v. Tractor Supply Co.*,
2013 WL 6057847 (N.D. Cal. Nov. 15, 2013) .................................................. 8

*Billington v. United Nat. Foods, Inc.*,
2020 WL 5763824 (E.D. Cal. Sept. 28, 2020) ........................................... 5, 8, 9

*Brinker Rest. Corp. v. Super. Ct.*,
53 Cal. 4th 1004 (2012) ................................................................... 8, 9

*Brown v. Wal-Mart Stores, Inc.*,
2013 WL 1701581 (N.D. Cal. Apr. 18, 2013) ...................................................... 9

*Byrd v. Masonite Corp.*,
215 F. Supp. 3d 859 (C.D. Cal. 2016) ................................................................ 17

*Carrasco v. C.H. Robinson Worldwide, Inc.*,
2013 WL 6198944 (E.D. Cal. Nov. 27, 2013) ............................................... 9, 10

*Chavez v. RSCR Cal. Inc.*,
2019 WL 1367812 (E.D. Cal. Mar. 26, 2019) .................................................. 11

*Cleveland v. Groceryworks.com, LLC*,
200 F. Supp. 3d 924 (N.D. Cal. 2016) ............................................................. 13

*Conley v. Gibson*,
355 U.S. 41 (1957) ................................................................. 4

*De La Torre v. Am. Red Cross*,
  2013 WL 5573101 (C.D. Cal. Oct. 9, 2013) ....................................................... 13

*DeLeon v. Time Warner Cable LLC*,
  2009 WL 9426145 (C.D. Cal. July 17, 2009) ...................................................... 5

*Dittmar v. Costco Wholesale Corp.*,
  2016 WL 3387464 (S.D. Cal. June 20, 2016) ..................................................... 15

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993) ............................................................................. 6

*Guerrero v. Halliburton Energy Servs., Inc.*,
  2016 WL 6494296 (E.D. Cal. Nov. 2, 2016) ...................................................... 10

*Guerrero v. Halliburton Energy Servs., Inc.*,
  231 F. Supp. 3d 797 (E.D. Cal. 2017) ................................................................ 17

*Hadjavi v. CVS Pharmacy, Inc.*,
  2010 WL 7695383 (C.D. Cal. Sept. 22, 2010) ................................................... 13

*Henry v. Bank of Am. Corp.*,
  2010 WL 3324890 (N.D. Cal. Aug. 23, 2010) .................................................... 14

*Ingels v. Westwood One Broad. Servs., Inc.*,
  129 Cal. App. 4th 1050 (2005) ........................................................................... 17

*Johnson v. Hewlett-Packard Co.*,
  809 F. Supp. 2d 1114 (N.D. Cal. 2011) .............................................................. 12

*Krauss v. Wal-Mart, Inc.*,
  2019 WL 6170770 (E.D. Cal. Nov. 20, 2019) .................................................... 11

*Landers v. Quality Commc'ns, Inc.*,
  771 F.3d 638 (9th Cir. 2014) .....................................................................*passim*

*Lenk v. Monolithic Power Sys., Inc.*,
  2015 WL 7429498 (N.D. Cal. Nov. 23, 2015) .................................................... 15

*Lyons v. Bank of Am., NA*,
  2011 WL 6303390 (N.D. Cal. Dec. 16, 2011) ...................................................... 6

*Morales v. Amazon.com, LLC*,
  2018 WL 3636888 (C.D. Cal. Jul. 30, 2018) ........................................................ 9

*Ovieda v. Sodexo Operations, LLC*,
   2012 WL 1627237 (C.D. Cal. May 7, 2012)...................................................9, 10

*Palmer v. Klamath Cnty.*,
   12 F. App'x 569 (9th Cir. 2001)...........................................................18

*Pantoja v. Countrywide Home Loans, Inc.*,
   640 F. Supp. 2d 1177 (N.D. Cal. 2009) ...............................................17

*Perez v. Wells Fargo & Co.*,
   75 F. Supp. 3d 1184 (N.D. Cal. 2014) ...................................................7

*Pineda v. Bank of Am., N.A.*,
   50 Cal. 4th 1389 (2010)..................................................................16, 17

*Romano v. SCI Direct, Inc.*,
   2017 WL 8292778 (C.D. Cal. Nov. 27, 2017)........................................12

*See's Candy Shops, Inc. v. Super. Ct.*,
   210 Cal. App. 4th 889 (2012)..............................................................12

*Steckman v. Hart Brewing*,
   143 F.3d 1293 (9th Cir. 1998).................................................................5

*Sueoka v. United States*,
   101 F. App'x 649 (9th Cir. 2004)..........................................................16

*Swafford v. Int'l Bus. Machines Corp.*,
   383 F. Supp. 3d 916 (N.D. Cal. 2019) ..................................................15

*Tan v. GrubHub, Inc.*,
   171 F. Supp. 3d 998 (N.D. Cal. 2016) ....................................................5

*Telesaurus VPC, LLC v. Power*,
   623 F.3d 998 (9th Cir. 2010)...................................................................5

*Turner v. LTF Club Mgmt. Co., LLC*,
   2020 WL 4748374 (E.D. Cal. Aug. 17, 2020) .........................................7

*Wright v. Frontier Mgmt., LLC*,
   2021 WL 2210739 (E.D. Cal. June 1, 2021)............................................7

**Statutes**

Cal. Code Regs., Title 8 § 11090.......................................................10, 11

Cal. Lab. Code § 203 ........................................................................................*passim*

Cal. Lab. Code § 204 ..................................................................2, 12, 13, 17

Cal. Lab. Code § 221 ........................................................................................*passim*

Cal. Lab. Code § 222 .............................................................................. 14, 15

Cal. Lab. Code § 223 ..................................................................2, 3, 14, 15

Cal. Lab. Code § 226 ........................................................................................ 3

Cal. Lab. Code § 226.7 ...................................................................... 8, 17

Cal. Lab. Code § 515 .............................................................................. 7, 8

Cal. Lab. Code § 1174 ..................................................................2, 3, 13, 17

Cal. Lab. Code § 2802 .......................................................................... 11, 12

**Other Authorities**

Fed. R. Civ. P. 8................................................................................... 18

Fed. R. Civ. P. 12.............................................................................. 4, 6

Phillips & Stevenson, Cal. Prac. Guide: Fed. Civ. Proc. Before Trial
    (The Rutter Group, 2021 Updated) § 9:383.5 ...................................... 6

- v -

DEFENDANT CITIZENS TELECOM SERVICES COMPANY, LLC'S MOTION TO DISMISS AND STRIKE
PORTIONS OF PLAINTIFF'S FAC; CASE NO. 2:21-CV-00416-TLN-CKD

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff Shannon Dockery is currently employed as a Customer Service Analyst with Defendant Citizens Telecom Services, Company, LLC ("Citizens"). She contends that Citizens misclassified her as an exempt employee and therefore failed to provide her certain benefits for non-exempt employees, such as minimum and overtime wages and meal and rest periods. FAC ¶¶ 37–43. Based on that alleged misclassification, Dockery filed a hybrid class and collective action under the Fair Labor Standards Act ("FLSA") and California law asserting thirteen causes of action under the FLSA, the California Labor Code, California's Unfair Competition Law, and ERISA. In addition, for unclear reasons, Dockery has simultaneously sued in Sacramento Superior Court against Citizens (and its parent company, Frontier Communications Corporation, LLC ("Frontier")), based on the same alleged classification dispute, seeking penalties under California's Private Attorneys General Act ("PAGA").[1] *See Dockery v. Frontier Communications Corp., et al.*, Case No. 34-2021-00295726-CU-OE-GDS (Sacramento Super. Ct.) (Complaint filed March 3, 2021) (attached as Exhibit A to Declaration of Ruth Zadikany).

Citizens moved to Dismiss Dockery's original complaint on July 9, 2021. In response, Dockery filed a First Amended Complaint ("FAC"). Dockery's FAC suffers from many of the same infirmities as the original complaint—which Citizens raised in its initial Motion to Dismiss. In particular, the FAC continues to lack sufficient factual allegations to support Dockery's claims for unpaid minimum wage, failure to provide meal and rest periods and failure to reimburse/unlawful deductions.

Several of Dockery's other claims have additional fatal deficiencies, as set forth below. In particular, Dockery's Eighth Cause of Action for alleged violation of Labor Code section 204 fails because that statute seeks to ensure employees are paid on

---

[1] On August 24, 2021, the Sacramento Superior Court granted Frontier and Citizens' Motion to Stay pending the resolution of Dockery's Federal Action.

certain regular paydays. Dockery's claim has nothing to do with whether her wages were paid on certain paydays. Rather, Dockery contends she was not paid the proper amount on those paydays—a dispute not covered by section 204.

For the reasons below, Dockery's claims for failure to pay minimum wage, failure to provide meal and rest periods, failure to reimburse/unlawful deductions, and untimely payment of wages under Labor Code section 204—as well as her unfair or unlawful business practices claims predicated thereon—should be dismissed. In addition, Dockery's allegations about Citizens' purported failure to keep records under Labor Code section 1174 and failure to timely pay wages upon termination under Labor Code section 203 should be stricken, as they are impertinent and immaterial to this action.

## SUMMARY OF ALLEGATIONS

Plaintiff Shannon Dockery is employed by Citizens as a customer service analyst. FAC ¶ 32. She alleges that she was misclassified as an exempt employee and that she and all other Citizens customer service analysts in California and nationwide should have been classified as nonexempt employees instead. *Id.* ¶¶ 11, 30.

Dockery's initial Complaint against Citizens and Frontier alleged 13 causes of action for violating the California Labor Code, ERISA, California's Unfair Competition Law ("UCL") and the Fair Labor Standards Act. Defendants moved to dismiss the entire initial complaint on the grounds that (a) Dockery failed to allege facts sufficient to satisfy the federal pleading standards, (b) Dockery failed to state a cause of action under Labor Code sections 221, 223, and 204 because the statutes do not cover the conduct alleged; (c) Dockery did not have standing to bring a Labor Code section 203 claim because she is not a former employee; and (d) Dockery's ERISA claims were fatally deficient for many reasons.

In response, Dockery filed the First Amended Complaint in which she: (1) abandoned her ERISA claims, as well as her stand-alone claims under Labor Code sections 221, 223 and 203, (2) voluntarily dismissed Frontier as a defendant, and (3)

included additional factual allegations to try to meet the federal pleading standard. The FAC alleges nine causes of action: (1) declaratory relief; (2) failure to pay minimum, regular and overtime wages in violation of the FLSA; (3) failure to pay minimum wage and overtime in violation of the California Labor Code; (4) failure to provide meal periods; (5) failure to provide rest periods; (6) failure to reimburse expenses/unlawful deductions; (7) failure to furnish accurate itemized wage statements and to keep adequate records in violation of Labor Code sections 226 and 1174, respectively; (8) failure to pay compensation timely; and (9) violation of California's Unfair Competition Law predicated on the preceding claims and, ostensibly, on the now-abandoned allegations about Labor Code sections 221, 223 and 203.[2]

The FAC alleges that Dockery "was generally scheduled to work 40 hours, 5 days a week" but that "[o]n any given day, she *may* work anywhere from 8-16 hours, and on any given week, 40-60 hours." FAC ¶ 33 (emphasis added). She also alleges that "[a]t least one week during each year of the Relevant Time Period, she worked at minimum 50 hours in a week and was not paid overtime." *Id.* She also alleges "[u]pon information and belief" that she "earned less than the California/federal minimum wage at least one day and/or week during the Relevant Time Period." *Id.*

The FAC remains utterly silent about Dockery's salary and earnings or why and under what theory Dockery alleges she was not paid both the California and federal minimum wage. *Id.* And Dockery alleges that she "regularly missed rest breaks" and that she "typically took meal breaks but often after the 5th hour of work due to her workload." FAC ¶ 34. She also alleges that "[a]t least one week during each year of

---

[2] The FAC's caption page erroneously lists an eighth claim for "waiting time penalties," but this is likely a typographical error. The FAC does not include a stand-alone cause of action for waiting time penalties, but reasserts an eighth cause of action for failure to pay compensation timely (that is, on regular paydays).

the Relevant Time Period, Plaintiff missed 3-4 rest breaks and took a lunch after the 5th hour of work in at least one week during the Relevant Time Period." *Id.*

## ARGUMENT

### I.   Legal Standards

#### A.   Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6).

In resolving a motion to dismiss under Rule 12(b)(6), the Court considers all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The question for the Court is whether the complaint contains enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails *Twombly*/*Iqbal*'s plausibility standard and the claims must be dismissed. *Id.* at 679.

While the FAC's factual allegations are accepted as true, the Court cannot assume that plaintiff can prove facts not alleged in the FAC or that a defendant has violated laws in ways not alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (distinguishing the prior "no set of facts" standard under *Conley v. Gibson*, 355 U.S. 41 (1957)). In the wage and hour context, the Ninth Circuit has held that allegations that merely "'raise the possibility' of undercompensation" are insufficient, as "a possibility is not the same as plausibility." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014). For instance, courts regularly dismiss complaints that merely assert that "Plaintiff and class members consistently worked in excess of eight hours in a day, in excess of 12 hours in a day and/or in excess of 40 hours in a week." *Anderson v. Blockbuster, Inc.*, 2010 WL 1797249, at *2–3 (E.D. Cal. May 4, 2010) (citing *DeLeon v. Time Warner Cable LLC*, 2009 WL 9426145, at *3 (C.D. Cal. July 17, 2009)).

- 4 -

DEFENDANT CITIZENS TELECOM SERVICES COMPANY, LLC'S MOTION TO DISMISS AND STRIKE
PORTIONS OF PLAINTIFF'S FAC; CASE NO. 2:21-CV-00416-TLN-CKD

Instead, the Ninth Circuit has held that "a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a *given* workweek without being compensated for the hours worked in excess of forty during *that* week." *Landers*, 771 F.3d at 645 (emphases added). *Landers* also applies to plaintiffs who bring California Labor Code claims in federal court. *See Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1006 (N.D. Cal. 2016). Following *Landers*' guidance, this Court has dismissed wage and hour complaints when the plaintiff "fail[s] to point to any factual allegations . . . that describe *at least one specific workweek* where pay was denied." *Billington v. United Nat. Foods, Inc.*, 2020 WL 5763824, at *3–5 (E.D. Cal. Sept. 28, 2020) (Nunley, J.) (emphasis added); *see also id.* (dismissing meal and rest period claims for failing to allege "at least one meal or rest break" where plaintiff was not paid).

If a court decides to dismiss a complaint, it may do so without leave to amend "if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citation omitted); *see also Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) (holding that pleadings may be dismissed without leave to amend if amendment "would be an exercise in futility"). As explained in the balance of this memorandum, Dockery has failed to plead cognizable legal theories that would entitle her to recovery. The Court should thus dismiss the causes of action that are the subject of Citizen's motion for failure to state a claim upon which relief in many respects can be granted, and because the deficiencies cannot be cured, it should do so with prejudice.

## B. Motion to Strike Under Federal Rule of Civil Procedure 12(f).

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to strike any immaterial or impertinent allegations in a complaint with no effect on the controversy. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *overruled on other grounds*, 510 U.S. 517 (1994). The purpose of such a motion is to avoid spending

time and money litigating spurious issues.  *Id.*  Under Rule 12(f), "'[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded," while "' [i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question."  *Fantasy*, 984 F.2d at 1527 (quotation marks and citation omitted); *Lyons v. Bank of Am., NA*, 2011 WL 6303390, at *7 (N.D. Cal. Dec. 16, 2011).

A Rule 12(f) motion to strike is thus proper where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Phillips & Stevenson, Cal. Prac. Guide: Fed. Civ. Proc. Before Trial (The Rutter Group, 2021 Updated) § 9:383.5 (internal quotation marks and citation omitted).

## II.  Dockery's Claims for Unpaid Minimum Wage, Failure to Provide Meal and Rest Periods, and Failure to Reimburse/Unlawful Deductions Lack Factual Support and Should Be Dismissed.

Despite the thoroughness of the original motion to dismiss in identifying the many pleading deficits, Dockery's FAC remains generous with penalty-stacking causes of action, but meager with the necessary factual allegations to support her claims.  Dockery fails to allege facts (as opposed to conclusory labels and legal assertions) in support of her claims that Citizens failed to pay her the state and federal minimum wage, failed to provide her with meal and rest periods, and failed to reimburse her for necessary expenditures or took unlawful deductions from her wages. Instead, Dockery merely quotes at length the language of the FLSA and sections of the California Labor Code, cites judicial decisions about elements of the claims, and makes generic, boilerplate allegations that Citizens did not comply with the law.  Such allegations are insufficient.

A.   **Failure to pay minimum wage (Second and Third Causes of Action).**

As recounted above, to survive a motion to dismiss, a plaintiff claiming unpaid wages must allege specific facts suggesting that she was not paid the requisite wages *in a given* workweek. *See Landers*, 771 F.3d at 644–45.  Conclusory claims that such violations "regularly" or "routinely" occurred without factual allegations in support "fall short of the *Twombly*/*Iqbal* standard and are thus insufficient to state a claim" for unpaid wages.  *Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1191 (N.D. Cal. 2014).

Of course, *Landers* does not require plaintiffs to allege, "with mathematical precision," how much unpaid compensation they are allegedly due.  *Landers*, 771 F.3d at 646.  But they must allege "facts demonstrating there was at least one workweek" in which they were not paid the legally required amount.  *Id.*

Dockery makes no such effort, and instead her "allegations simply rephrase the Labor Code provisions as factual statements, without providing any details specific" to her claims "to establish plausibility."  *Turner v. LTF Club Mgmt. Co., LLC*, 2020 WL 4748374, at *2 (E.D. Cal. Aug. 17, 2020).  Dockery recites the Labor Code and Wage Order regulations but provides no factual basis to suggest she was not paid minimum wage—even if she did work 50 or 60 hours in a week.  FAC ¶¶ 33, 53–56.  The FAC never mentions—at *any* level of detail—Dockery's earnings for any given time period, leaving to sheer conjecture whether or how she ever would have earned less than minimum wage in any given week.  *Wright v. Frontier Mgmt., LLC*, 2021 WL 2210739, at *4 (E.D. Cal. June 1, 2021) (dismissing minimum wage claim under *Landers*).

The Court should not treat this omission as a mere oversight, for the statutory framework can readily explain why the facts were omitted.  Under Labor Code section 515, administratively exempt employees must be paid at least ***twice*** the state monthly minimum wage for full-time employment.  Cal. Lab. Code § 515(a).  Dockery does

not dispute that her monthly wage exceeded this amount—as she still includes zero factual allegations whatsoever as to what she actually earned. *See* Motion to Dismiss, ECF #10, at 5 (identifying same deficiency in original complaint). Her theory, it appears, rests on speculating that she worked so many hours that her effective rate fell below the state minimum wage. With no factual guideposts for her earnings, however, there is no basis for the Court to infer that such an alleged shortfall is plausible. *See Landers*, 771 F.3d at 646 (insufficient to "'raise the possibility' of under-compensation," as "a possibility is not the same as plausibility").

## B.   Failure to provide meal and rest periods (Fourth and Fifth Causes of Action).

The FAC fares no better as to meal and rest periods. "While the requirements for a claim under Section 512 are straightforward—the employer failed to provide the requisite meal period—a plaintiff cannot state such a claim without any factual allegations supporting the claim." *Bellinghausen v. Tractor Supply Co.*, 2013 WL 6057847, at *3 (N.D. Cal. Nov. 15, 2013). As this Court held last year, the Ninth Circuit's standard in *Landers* applies with equal force to missed meal and rest period claims. *Billington*, 2020 WL 5763824, at *5.

To establish a claim for meal period violations under Labor Code section 226.7, Dockery must allege facts sufficient to show that a meal period *was not provided*. *Brinker Rest. Corp. v. Super. Ct.*, 53 Cal. 4th 1004, 1041–42 (2012). A meal break is provided so long as the employer "relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so." *Id.* at 1040. The employer need not "ensure that the employee does no work." *Id.* at 1034.

Dockery concedes that she "typically took meal breaks." FAC ¶ 34. Her sole allegation about the purported failure to provide her with compliant meal periods

beyond stating legal conclusions, is that she "often" took her meal periods "after the 5th hour of work due to her workload." *Id.*  Thus, while she claims that her workload impacted the timing of her meal period, nothing in Dockery's allegations suggests that Citizens failed to provide meal periods or otherwise required Dockery or other employees to forgo breaks.  Instead, the FAC's allegations reveal only that Dockery sometimes chose to take meal periods at later times due to her workload.  As this Court explained in a different case, the FAC cannot state a claim based only on allegations that suggest that an employee chose to delay taking breaks that the employer made available.  *See Billington*,  2020 WL 5763824, at *4 (finding it "unclear from Plaintiffs' allegations whether Defendants failed to provide rest periods, or whether Plaintiffs chose to forego rest periods that were available despite their heavy workload."); *Carrasco v. C.H. Robinson Worldwide, Inc.*, 2013 WL 6198944, at *10 (E.D. Cal. Nov. 27, 2013) ("Plaintiff has not identified any 'pressuring' by [the defendant employer] that coerced Plaintiff to perform her duties in way that omit breaks."); *Ovieda v. Sodexo Operations, LLC*, 2012 WL 1627237, at *3 (C.D. Cal. May 7, 2012) ("barebones" allegations that Plaintiff was not provided meal and rest periods because she "had a heavy work load" cannot state a claim); *see also Morales v. Amazon.com, LLC*, 2018 WL 3636888, at *2 (C.D. Cal. Jul. 30, 2018)  ("These broad statements do not allege any pertinent factual information regarding how [the defendant employers] actually went about coercing Plaintiff and sub-classes to forego breaks."); *Brown v. Wal-Mart Stores, Inc.*, 2013 WL 1701581, at *5 (N.D. Cal. Apr. 18, 2013) (holding a plaintiff must provide facts surrounding alleged tactics which "pressured, incentivized and discouraged" delivery drivers from taking lunch breaks). Such broad conclusory allegations with no supporting facts do not state a plausible claim that Citizens did not provide meal periods.  Without facts regarding how Dockery (or the entire putative class) was not provided meal periods, Dockery's meal period claim must be dismissed.

Dockery's rest period claims are even less specific—alleging only that "Plaintiff regularly missed rest breaks" and that "she missed 3-4 rest breaks . . . in at least one week during the Relevant Time Period" (FAC ¶ 34), with no factual allegations about how Citizens had failed to authorize or permit her to take rest periods—since she implicitly concedes that she did take rest breaks.  Under the authority discussed above as to meal periods, conclusory allegations that "Defendants routinely failed to provide Plaintiff and the members of the putative class with such paid rest periods without duty" (FAC ¶ 123), are insufficient.  *See*, *e.g.*, *Ovieda*, 2012 WL 1627237, at *4.  Dockery alleges no facts to suggest that Citizens failed to authorize and permit her (and the putative class members) to take rest breaks.

The Fourth and Fifth Causes of Action should therefore be dismissed with prejudice.  *Guerrero v. Halliburton Energy Servs., Inc.*, 2016 WL 6494296, at *6 (E.D. Cal. Nov. 2, 2016); *Carrasco*, 2013 WL 6198944, at *9–10.

### C.  Failure to reimburse/illegal deductions (Sixth Cause of Action).

Dockery fails to allege facts sufficient to support her allegation in the Sixth Cause of Action that Citizens violated section 11090(8) of Title 8 of the California Code of Regulations or that Citizens violated Labor Code section 2802 for failing to reimburse her for the cost of cell phones, telephones and workstations.  FAC. ¶¶ 126–130.

Dockery's claim under section 11090(8) of Title 8 of the California Code of Regulations is bereft of any factual support.  Section 11090(8) prohibits employers from making deductions from wages or requiring reimbursement from an employee "for any cash shortage, breakage, or loss of equipment."  Except for the conclusory statement that Citizens had a "continuous policy and/or practice of . . . deducting wages from employees" (FAC ¶ 129), the FAC does not allege *any* facts suggesting that Citizens deducted any amounts from Dockery's wages, much less that it did so unlawfully or in connection with a cash shortage, breakage or loss of equipment, nor

does it allege that Citizens required Dockery to reimburse it for cash shortages, breakage or loss of equipment.  Indeed, Dockery does not identify a single occasion or paycheck when a deduction was made from her wages, she does not identify the amount purportedly deducted, or what the deduction was for.

Dockery's allegations related to Section 2802—to the extent based on the failure to reimburse for cell phones, telephones and work stations—are similarly deficient.  While Dockery conclusorily states that "[a]t all relevant times" she paid for the cost of "internet service, cell phones, telephones and workstations" (FAC ¶ 69), and that Citizens had a "continuous policy and/or practice of failing to reimburse" for such expenses (*id.* ¶¶ 128–129), the FAC identifies no specific date or occasion when Dockery incurred cell phone expenses or used a telephone or workstation that was not provided by the Company and was necessary for the performance of her duties—and for which she was not reimbursed.  She does not identify the amount she paid for such cell phone, telephone and workstation or provide any facts that explain why such self-provided equipment was necessary for her to perform her duties, nor does she say whether she requested reimbursement from Citizens for such purported expenses or that Citizens refused to tender any requested reimbursement.

In sum, Dockery does not allege facts sufficient to satisfy *Landers*, so the Sixth Cause of Action should be dismissed to the extent that it relies on Dockery's assertion that Citizens violated section 11090(8) of Title 8 of the California Code of Regulations or that Citizens violated Labor Code section 2802 for failing to reimburse her for the cost of cell phones, telephones and workstations.  *See Krauss v. Wal-Mart, Inc.*, 2019 WL 6170770, at \*5 (E.D. Cal. Nov. 20, 2019) ("Because Plaintiff fails to allege even a single instance when Walmart did not reimburse her for reimbursement-eligible items, this claim fails."); *Chavez v. RSCR Cal. Inc.*, 2019 WL 1367812, at \*3 (E.D. Cal. Mar. 26, 2019) ("Chavez fails to provide a single instance when such a cost was actually incurred and not reimbursed.").  For the same reasons, Dockery's allegations in paragraphs 6, 7, 67, 69, 93(h), 127, 128, 129, and 130 that Citizens

violated section 11090(8) of Title 8 of the California Code of Regulations by taking illegal deductions or Labor Code section 2802 for failing to reimburse Dockery for the cost of cell phones, telephones and workstations should be stricken as immaterial and impertinent.

### III.   Dockery Fails to State a Claim Under Labor Code § 204 (Eighth Cause of Action).

Dockery's Eighth Cause of Action alleges that Citizens violated Labor Code section 204 by failing to timely pay wages "due for miscalculated and unpaid wages owed (including overtime), and for premium pay at the correct rate for meal and rest periods."  FAC ¶ 145.  Again, her aim is transparent as she includes this derivative claim in an effort to obtain statutory penalties on top of the allegedly owed wages.  *Id*. ¶ 143 (listing penalties for violating section 204).

But Dockery's attempt to stack these penalties should be rejected outright, as Dockery continues to distort what the statute requires.  As explained in the original motion to dismiss (ECF #10, at 11), "Section 204 requires the payment of wages in a timely manner; it does not provide a right to wages."  *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1136 (N.D. Cal. 2011), *aff'd*, 546 F. App'x 613 (9th Cir. 2013).  Section 204 is merely a payment *timing* statute with the "sole purpose" of "requir[ing] an employer . . . who comes within its terms to maintain two regular pay days each month."  *See's Candy Shops, Inc. v. Super. Ct.*, 210 Cal. App. 4th 889, 904–05 (2012) (quoting *In re Moffett*, 19 Cal. App. 2d 7, 14 (1937) (internal quotation marks omitted)).

The FAC says nothing about the timing of Citizens' regular wage payments.  It does not (and cannot) allege, for example, that Citizens does not have regular paydays or that Citizens' pay schedule otherwise violates section 204.  Instead, Dockery alleges only that she was paid an *incorrect amount* on those regularly scheduled days—*i.e.,* that she did not receive the overtime and meal period premiums she

believes she earned.  FAC ¶ 145.  Many courts have held that such allegations fall outside the scope of section 204.  *See Romano v. SCI Direct, Inc.*, 2017 WL 8292778, at *4 (C.D. Cal. Nov. 27, 2017) (dismissing section 204 claim because that section "deals solely with the timing of wages" and "Plaintiffs do not allege that Defendant failed to pay them at least twice during each calendar month" (internal quotation marks and citation omitted)); *De La Torre v. Am. Red Cross*, 2013 WL 5573101, at *5 (C.D. Cal. Oct. 9, 2013) ("Labor Code Section 204(a) deals solely with the timing of wages . . . not with whether the correct wages were paid."); *Hadjavi v. CVS Pharmacy, Inc.*, 2010 WL 7695383, at *2 (C.D. Cal. Sept. 22, 2010) (similar). Dockery has therefore failed to state a cognizable claim and her Labor Code section 204 claim should be dismissed, with prejudice.

## IV.     Dockery Fails to Plead Facts to Support a Record-Keeping Claim under Labor Code Section 1174 (Third and Ninth Causes of Action).

Interspersed in her overtime and UCL claims, Dockery alleges that Citizens failed to maintain adequate records under Labor Code section 1174 that show Dockery's daily hours worked, wages earned, and meal breaks taken.  FAC ¶¶ 5, 51, 62, 93(j)-(k), 112, and 147(j).  These allegations cannot support any cause of action, however, because no private right of action for such an infraction exists unless brought as a PAGA claim.  *Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 958 (N.D. Cal. 2016) ("Private rights of action for civil penalties under the Labor Code generally arise under the California Private Attorney General Act ("PAGA"), not under the Labor Code directly.").  As noted at the outset, Dockery chose to bring her PAGA claim in a separate state-court action and does not assert that claim here. Because there is no private right of action under Labor Code section 1174, Dockery's Third and Ninth Causes of Action should be dismissed to the extent that they are

- 13 -

predicated on section 1174.[3]  In addition, references to section 1174 should be stricken from Paragraphs 5, 51, 62, 93(j)-(k), 112, and 147(j) of the FAC as both immaterial and impertinent.  *See Henry v. Bank of Am. Corp.*, 2010 WL 3324890, at *3 (N.D. Cal. Aug. 23, 2010) (striking factual allegations in the complaint because they were "immaterial to th[e] case" because they related to claims for which the defendant could not be held liable).

## V.    Dockery's References to Purported Violations of Labor Code Sections 221 and 223 Should Be Stricken and Any Claims Based on Such Purported Violations Should Be Dismissed.

Although Dockery's original Complaint included a cause of action under California Labor Code sections 221 and 223 for failure to pay "designated rates," Dockery abandoned that claim in the FAC in response to the original motion to dismiss, which explained why such claims are legally unviable.  *See* ECF #10, at 8–10.  Yet despite abandoning the claim, the FAC inexplicably continues to make references to such purported violations throughout (at paragraphs 2, 93(d) and (o), 94(a), 147(b), and 148)—and includes them as predicate offenses for her UCL cause of action (*id.* ¶ 147(b)).  Those references should be stricken because Dockery has not alleged and cannot allege the sort of secret-deduction or kickback scheme that sections 221 and 223 prohibit, and thus are not valid predicates for her UCL claim.

Labor Code section 221 prohibits employers from unlawfully "collect[ing] or receiv[ing] from an employee any part of wages theretofore paid by said employer to said employee."  Except for a conclusory statement that Citizens "fail[ed] to pay wages at the designated rate under Labor Code 221-223" (FAC ¶ 147(b)), the FAC does not allege *any* facts showing that Citizens deducted, collected or received any

---

[3] As discussed below, Dockery also cannot mount a UCL claim on alleged violation of section 1174 because that section only provides for penalties that cannot be recovered as restitution under the UCL.

amounts from/of Dockery's wages.  Indeed, the FAC does not identify a single occasion or paycheck when a deduction was made from Dockery's wages, it does not identify the amount purportedly deducted, or what the deduction was for.

Similarly, Labor Code section 223 provides "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."  Dockery fails to plead either component of section 223.  First, she identifies no "designated wage scale" implemented by statute or contract that applies to her employment by Citizens.  *Lenk v. Monolithic Power Sys., Inc.*, 2015 WL 7429498, at *8 (N.D. Cal. Nov. 23, 2015) (dismissing section 223 claim without leave to amend as plaintiff's salary is not a designated wage scale).  Indeed, Dockery does not plead *any* facts about how much she earned, how much she contends she was owed, or what contract or wage scale applies.  Second, Dockery fails to allege any conduct that plausibly suggests Citizens "secretly" paid her a lower wage than the wage designated by the unalleged statute or contract.  Without an allegation of secret deduction, any claim under section 223 fails because the purported failure to pay a minimum wage does not itself violate this section.  *Dittmar v. Costco Wholesale Corp.*, 2016 WL 3387464, at *2 (S.D. Cal. June 20, 2016) (dismissing claims under sections 221 and 223 where the complaint did not allege "facts to suggest that Costco maintained a secret wage scale" or "ever took back previously paid wages").  Again the FAC lacks any factual allegation about any secrecy in how Citizens paid Dockery.

In sum, Dockery cannot and does not even attempt to allege facts sufficient to state a claim for relief under Labor Code sections 221 and 223—either as standalone causes of action or predicate "unlawful" violations for her UCL claim.  So to the extent any of the causes of action in the FAC, including the UCL claim, turn on the alleged violation of Labor Code sections 221 to 223, such claims should be dismissed.  *See Swafford v. Int'l Bus. Machines Corp.*, 383 F. Supp. 3d 916, 937 (N.D. Cal. 2019) (dismissing UCL "unlawful" claim related to unviable section 221 and 223 claims).

Similarly, all references to violations of Labor Code sections 221-223 in paragraphs 2, 93(d) and (o), 94(a), 147(b), 148 of the FAC should be stricken as immaterial and impertinent.

## VI. Dockery's References to Purported Violations of Labor Code Section 203 or Failure To Timely Pay Wages Upon Termination Should Be Stricken.

Similarly, the FAC alleges, without including a stand-alone cause of action, that Citizens failed to pay all wages due at termination of employment in violation of Labor Code section 203[4] (FAC ¶¶ 57, 61, 94(e), and 147(i))—and includes such failure as a predicate for her UCL claim (FAC ¶ 147(i)).  Since Dockery remains employed by Citizens—as conceded in paragraph 32 of the FAC—she lacks standing to bring a claim for waiting time penalties under section 203 for failure to timely pay wages upon termination of employment, either by itself or as a predicate for a UCL claim.  *Sueoka v. United States*, 101 F. App'x 649, 654 (9th Cir. 2004) (The rule that "[a] litigant must be a member of the class which he or she seeks to represent" "applies equally to subclasses." (quotation marks and citation omitted)).  In any event, section 203 cannot serve as a valid UCL predicate because that section merely "provide[s] for statutory penalties, not injunctive relief or restitution, and thus, [is] not recoverable pursuant to Section 17200." *Bass v. Dollar Tree Stores, Inc.*, 2007 WL 2462150, at *5 (N.D. Cal. Aug. 29, 2007); *see also Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1401–02 (2010) (holding section 203 penalties cannot be recovered as restitution under the UCL).

Thus, to the extent any of the causes of action in the FAC, including the UCL claim, hinge on the alleged violation of Labor Code section 203, such claims should

---

[4] While the caption page of the FAC lists "waiting time penalties" as the Eighth Cause of Action (FAC at 1), the FAC does not itself include a claim for waiting time penalties as a stand-alone cause of action.

be dismissed.  Similarly, all references to violations of Labor Code sections 203 (including references to the failure to pay wages upon termination of employment or waiting time penalties) in paragraphs 57, 61, 94(e), 147(i) of the FAC should be stricken as immaterial and impertinent.

**VII.    Dockery's Derivative Unfair Competition Law Claim Should Be Dismissed To the Extent Based on the Above-Referenced Claims (Ninth Cause of Action).**

Dockery's UCL claim turns on her allegations that Citizens, among other things, failed to pay minimum wage compensation, failed to pay wages at the designated rate under Labor Code sections 221 and 223, failed to provide meal and rest periods, failed to maintain payroll records showing actual hours worked, and failed to timely pay wages when due and upon termination.  FAC ¶ 147.  As detailed above, Dockery has not alleged facts sufficient to allege any of these claims, and her derivative UCL claim to the extent predicated on such alleged violations must therefore be dismissed.  *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) ("If the [underlying] claim is dismissed, then there is no 'unlawful' act upon which to base the derivative [UCL] claim."); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1190–91 (N.D. Cal. 2009) (dismissing UCL claim because court dismissed "all . . . predicate violations").

But even apart from the many defects in the underlying claims, many of Dockery's alleged UCL predicates fail as a matter of law because they do not seek restitution or injunctive relief.  For instance, as Judge O'Neill has ruled, meal and rest premiums under Labor Code section 226.7 "do not constitute restitution recoverable under [the] UCL."  *Guerrero v. Halliburton Energy Servs., Inc.*, 231 F. Supp. 3d 797, 807–08 (E.D. Cal. 2017) (citing *Kirby v. Immoos Fire Prot., Inc.*, 53 Cal. 4th 1244 (2012).  Likewise, Dockery's allegations of violations of Labor Code sections 203, 204 and 1174 cannot sustain a UCL claim.  *See Byrd v. Masonite Corp.*, 215 F. Supp.

1   3d 859, 864–65 (C.D. Cal. 2016) (penalties under §§ 204 and 1174(d) cannot be

2   recovered as restitution); *Pineda*, 50 Cal. 4th at 1401–02 (penalties under § 203

3   cannot be recovered as restitution).  For these reasons, the UCL predicates alleged in

4   subsections (d), (e), (f), (g), (i), and (j) of paragraph 147 of the FAC should be

5   dismissed and struck.

6

7   **VIII.  Dismissal Should Be With Prejudice.**

8          This is Dockery's second attempt to plead the same causes of action.  The

9   original motion to dismiss highlighted the many factual and legal deficiencies in her

10  claims.  Yet, as described above, nearly all of those defects persist in her FAC.  As

11  Dockery has already been permitted to amend her complaint based on the notice of

12  deficiencies under Rule 8 and Rule 12(b)(6), no further leave to amend should be

13  granted.  The Second, Third, Fourth, Fifth, Sixth, and Eighth Causes of Action—along

14  with the corresponding UCL predicates in the Ninth Cause of Action (on top of those

15  predicates discussed in the preceding section)—should be dismissed with prejudice.

16  *See, e.g.*, *Palmer v. Klamath Cnty.*, 12 F. App'x 569 (9th Cir. 2001).

17                              **CONCLUSION**

18         For all these reasons, Citizens respectfully requests that the Court dismiss and

19  strike the portions of the FAC identified herein with prejudice.

20

21

22

23

24

25

26

27

28

1

Dated:  August 26, 2021                    Respectfully submitted,

2

By: */s/ Ruth Zadikany*

3

MAYER BROWN LLP

4

RUTH ZADIKANY (SBN 260288)

5

*rzadikany@mayerbrown.com*
C. MITCHELL HENDY (SBN 282036)

6

*mhendy@mayerbrown.com*

7

350 South Grand Avenue, 25th Floor
Los Angeles, California  90071-1503

8

Telephone:  (213) 229-9500

9

Facsimile:   (213) 625-0248

10

*Attorneys for Defendant*

11

CITIZENS TELECOM SERVICES

12

COMPANY, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28