UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON DOCKERY, on behalf of herself and all employees similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIZENS TELECOM SERVICES COMPANY, LLC., a Delaware corporation; and DOES 1-100 inclusive,<br><br>Defendants. | Case No. 2:21-cv-00416-TLN-CKD<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED CLASS ACTION AND COLLECTIVE ACTION COMPLAINT**<br><br>FAC Filed: July 29, 2021<br><br>Date: September 30, 2021<br>Time: 2:00 pm<br>Courtroom: 2, 15th Floor<br><br>Hon. Troy L. Nunley<br><br>*[Filed concurrently with Motion to Dismiss and Strike Plaintiff's First Amended Complaint and Declaration of Ruth Zadikany in Support Thereof]* |

**[PROPOSED] ORDER**

The Motion to Dismiss and Strike Portions of Plaintiff's First Amended Class Action and Collective Action Complaint (the "Motion") filed by Defendant Citizens Telecom Services Company, LLC ("Defendant") in the above-captioned action came on for hearing before the Honorable Troy L. Nunley on September 30, 2021.  Having reviewed the papers submitted by the parties with respect to the Motion, the papers and records on file in this action, the parties' argument at the hearing on this matter, and other matters of which the Court may properly take judicial notice, and good cause appearing, the Court hereby **GRANTS:**

1) Defendant's Motion to Dismiss in its entirety and thereby dismisses the following Causes of Action from Plaintiff's First Amended Class Action and Collective Action Complaint:

   a. Second and Third Causes of Action for failure to pay minimum wage;

   b. Third Cause of Action for failure to keep adequate records;

   c. Fourth Cause of Action for failure to provide compliant meal periods;

   d. Fifth Cause of Action for failure to provide compliant rest periods;

   e. Sixth Cause of Action for failure to reimburse expenses to the extent it is predicated on alleged "illegal" or "unlawful deductions" in violation of Cal. Code Regs. Title 8, section 11090(8);

   f. Sixth Cause of Action for failure to reimburse expenses to the extent it is predicated on alleged failure to reimburse and/or indemnify Dockery and the putative class members for cell phones, telephones, and workstations used for work-related purposes;

      g. Eighth Cause of Action for violation of California Labor Code section 204;

      h. Ninth Cause of Action for violation of California's Unfair Competition Law, to the extent it is predicated on the failure to pay minimum wages, failure to pay wages at the designated rate under Labor Code sections 221-223, failure to provide meal and rest periods, failure to pay all wages owed upon termination, and failure to maintain payroll records showing the actual hours worked each day by Dockery and the putative class members.

2) Defendant's Motion to Strike in its entirety, such that the following sections are stricken from Plaintiff's First Amended Class Action and Collective Action Complaint:

    a. **Caption Page, Page 1:** "8. For Waiting Time Penalties"

    b. **Paragraph 2, Page 2, Line 17:** "designated rates"

    c. **Paragraph 5, Page 2, Line 26-28:** "At all times relevant hereto, and as a matter of policy and/or practice, Defendants failed to maintain documentation of the actual hours worked each day by Plaintiffs, all wages earned and meal breaks taken in violation of Labor Code sections 226(a) and 1174, and the Wage Order 4."

    d. **Paragraph 7, Page 3, Lines 5-6:** "repayment of all unlawful deductions from wages"

    e. **Paragraph 51, Page 9, Lines 23-25:** "Additionally, Defendants did not maintain adequate records of all wages earned, hours worked, and meal breaks taken pursuant to the Wage Order and Labor Code §1174 and the FLSA."

    f. **Paragraph 57, Page 10, Line 25, to Page 11, Line 3:** "At all times relevant hereto, Labor Code § 201 required an employer that discharges an employee to pay compensation due and owing to

said employee immediately upon discharge. Labor Code § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days."

g. **Paragraph 61, Page 11, Lines 13-15:** "Defendants willfully and knowingly failed to pay Plaintiffs' upon termination of employment, all accrued compensation including payment of minimum wage compensation, agreed wages, overtime and/or premium wages."

h. **Paragraph 62, Page 11, Lines 17-19:** "Defendants have failed to keep records as required by law with respect to the overtime work performed by Plaintiffs. In doing so, Defendants have failed to comply with Labor Code §§ 226, 1174, and Cal. Code Regs., tit. 8, § 11090."

i. **Paragraph 67, Page 12, Line 10:** "cell phones, telephones, and workstations"

j. **Paragraph 69, Page 12, Line 16:** "cell phones, telephones, and workstations"

k. **Paragraph 93(d), Page 16, Line 10-12:** "Whether Defendants violated Labor Code sections 221 and 223 by failing to pay customer service analysts or customer service representatives at the designated rate and/or minimum wage for all hours worked;"

l. **Paragraph 93(h), Page 16, Line 23-25:** "and/or made illegal

|   |   |
|---|---|
| 1 | deductions from wages as prohibited by . . . Cal. Code Regs. Title 8, section 11090(8)" |

    m. **Paragraph 93(i), Page 16, Lines 26-28:** "Whether Defendants knowingly and intentionally failed to provide customer service analysts or customer service representatives with accurate, itemized statements, as required by Labor Code section 226 and IWC Wage Order Four, section 7;"

    n. **Paragraph 93(j), Page 17, Lines 1-3:** "Whether Defendants violated Labor Code section 1174 and IWC Wage Order Four, section 7 by failing to maintain documentation of the actual hours worked each day by customer service analysts or customer service representatives;"

    o. **Paragraph 93(k), Page 17, Lines 4-5:** "Whether Defendants violated Labor Code section 1174 and IWC Wage Order Four, section 7 by failing to document meal periods;"

    p. **Paragraph 93(o), Page 17, Lines 13:** "designated rates"

    q. **Paragraph 94(a), Page 17, Line 26:** "designated rates"

    r. **Paragraph 94(e), Page 18, Line 2:** "upon termination"

    s. **Paragraph 112, Page 20-21, Lines 27-1:** "In addition, by failing to maintain adequate time records as required by Labor Code section 1174(d) and IWC Wage Order Four, section 7(A), Defendant has made it difficult to calculate the minimum wage compensation due Plaintiff and the members of the putative class."

    t. **Sixth Cause of Action, Page 22, Line 28:** "ILLEGAL DEDUCTIONS"

    u. **Paragraph 127, Page 23, Lines 6-7:** "Further, an employer shall not collect or receive from an employee any part of wages

theretofore paid by employer to employee."

v. **Paragraph 128, Page 23, Lines 9-10:** "cell phones, telephones, and workstations"

w. **Paragraph 129, Page 23, Lines 12-13:** "and deducting wages from employees" and "Cal. Code Regs. Title 8, section 11090(8)."

x. **Paragraph 130, Page 23, Line 15:** "and deducting wages from employees"

y. **Paragraph 147(b), Page 25, Lines 22-23:** "Failing to pay wages at the designated rate under Labor Code 221-223 to Plaintiff and the members of the putative class for all hours worked;"

z. **Paragraph 147(i), Page 26, Line 7:** "upon termination"

aa. **Paragraph 147(j), Page 26, Lines 8-9:** "Failing and refusing to maintain payroll records showing the actual hours worked each day by Plaintiff and the members of the putative class."

bb. **Paragraph 148, Page 26, Line 14:** "designated rate"

**IT IS SO ORDERED.**

Dated: _____   _____
　　　　　　　　　　　　　　　　　　Honorable Troy L. Nunley
　　　　　　　　　　　　　　　　　　U.S. District Judge