UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON DOCKERY, | No. 2:21-cv-00416-TLN-CKD |
| Plaintiff, | |
| v. | **ORDER** |
| CITIZENS TELECOM SERVICES COMPANY, LLC., | |
| Defendant. | |

This matter is before the Court on Defendant Citizen Telecom Services' ("Defendant") motion to dismiss and strike portions of the First Amended Complaint ("FAC") and Plaintiff Shannon Dockery's ("Plaintiff") motion for conditional class certification.  (ECF Nos. 19, 24.) Both motions have been fully briefed.  (ECF Nos. 22, 25, 28, 30.)  For the reasons set forth below, Defendant's motion to dismiss and to strike is GRANTED and Plaintiff's motion for conditional class certification is DENIED.

///

///

///

///

///

1    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

2        Defendant is a telecommunications service provider that operates call and trouble-

3    shooting services in California and throughout the United States.  (ECF No. 15 at ¶ 30.)  Plaintiff

4    works for Defendant as a customer service analysis/customer service representative in California.

5    (*Id.* at ¶ 31.)  Defendant designated Plaintiff as an exempt employee.  (*Id.* at ¶ 30.)  In this role,

6    Plaintiff was generally scheduled to work 40 hours per week, 5 days a week, but on any given day

7    Plaintiff may actually work anywhere from 8 to 16 hours, and on any given week, 40 to 60 hours.

8    (*Id.* at ¶ 33.)  Plaintiff asserts that at least one week during each year, she worked at minimum 50

9    hours and was paid no overtime.  (*Id.*)  Plaintiff alleges that she earned less than the California

10   and federal minimum wage at least one day and/or week during the relevant time period.  (*Id.*)

11       Plaintiff alleges she regularly missed rest breaks and typically took meal breaks but often

12   after the fifth hour of work due to her workload.  (*Id.* at ¶ 34.)  More specifically, at least one

13   week during each year Plaintiff missed 3 to 4 rest breaks and took a lunch after the fifth hour of

14   work.  (*Id.*)  Due to the COVID-19 pandemic in March 2020, Plaintiff was required to work from

15   home but was not reimbursed for her internet bill, which allegedly increased by 50%.  (*Id.* at ¶

16   35.)  For these reasons, Plaintiff alleges she was not compensated for all hours worked, not

17   properly compensated or given "duty free" meal and rest breaks, not timely provided wages due

18   regularly, not provided accurate wage statements, and not provided reimbursements for expenses

19   incurred on behalf of the company.  (*Id.* at ¶ 36.)

20       Plaintiff alleges customer service employees are properly considered non-exempt

21   employees.  (*Id.* at ¶ 39.)  Plaintiff contends she is a customer service worker as her primary duty

22   is to "produce that service and even sell products that Frontier exists to produce."  (*Id.* at ¶ 40.)

23   Further, Plaintiff did not regularly exercise discretion and independent judgement, but rather

24   merely complied with Defendant's policies in her work.  (*Id.* at ¶ 42.)  Plaintiff asserts that

25   despite these facts, she was impermissibly classified as an exempt employee resulting in loss of

26   overtime wages for work performed over eight (8) hours per day or forty (40) hours per week and

27   loss of meal periods and rest breaks.

28   ///

1    **II.    STANDARD OF LAW**

2          A motion to dismiss for failure to state a claim upon which relief can be granted under

3    Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.

4    *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain

5    "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See*

6    *Ashcroft v. Iqbal*, 556 U. S. 662, 678–79 (2009).  Under notice pleading in federal court, the

7    complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon

8    which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

9    "This simplified notice pleading standard relies on liberal discovery rules and summary judgment

10   motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz*

11   *v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

12         On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

13   *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give the plaintiff the benefit of every

14   reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

15   *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

16   "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

17   relief."  *Twombly*, 550 U.S. at 570.

18         Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

19   factual allegations."  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

20   While Rule 8(a) does not require detailed factual allegations, "it demands more than an

21   unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

22   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

23   elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

24   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

25   statements, do not suffice.").  Moreover, it is inappropriate to assume the plaintiff "can prove

26   facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

27   been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459

28   U.S. 519, 526 (1983).

1    Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

2    facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting

3    *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

4    content that allows the court to draw the reasonable inference that the defendant is liable for the

5    misconduct alleged." *Id.* at 680.  While the plausibility requirement is not akin to a probability

6    requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully."

7    *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to

8    draw on its judicial experience and common sense." *Id.* at 679.

9    In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits

10    thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.

11    *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*

12    *Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

13    If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

14    amend even if no request to amend the pleading was made, unless it determines that the pleading

15    could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,

16    1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

17    **III.   ANALYSIS**

18    Defendant moves to dismiss Claims Two, Three, Four, Five, Six, Eight, and Nine of the

19    FAC.  (ECF No. 19.)  Claim One in the FAC is a request for declaratory relief and thus is

20    dismissed with the remainder of the complaint.  Claim Seven alleges a violation of California

21    Labor Code § 226(a) for failure to timely furnish accurate itemized wage statements.  Based on

22    the Court's finding regarding deficiencies in Plaintiff's pleading as to wage statements as well the

23    Court's finding granting of Plaintiff's unopposed motion to strike, outlined below, Claim Seven is

24    necessarily deficient.  *See Willner v. Manpower Inc.*, 35 F. Supp. 3d 1116, 1127-1130 (N.D. Cal.

25    2014) (Discussing the standard for § 226(a) claims).  However, Plaintiff will be granted leave to

26    amend Claim Seven.

27    ///

28    ///

A.      Second and Third Causes of Action: Failure to Pay Minimum Wages

Defendant argues Plaintiff's second and third cause of action related to failure to pay minimum wages must be dismissed because Plaintiff fails to allege specific facts suggesting that she was not paid the requisite wages in a given workweek.  (ECF No. 19 at 7.)  Defendant asserts Plaintiff fails to plead any facts related to Plaintiff's specific earnings for any given time period, making it impossible to determine whether she was properly compensated pursuant California Labor Code § 515.  (*Id.*)  Defendant argues this is because Plaintiff *was* properly compensated under § 515.  (*Id.*)  Plaintiff counters that requiring Plaintiff to plead her specific earnings runs afoul of the pleading standard as discussed in *Boon v. Canon Business Solutions*.  592 F. App'x 631, 632 (9th Cir. 2015).

The Court agrees with Defendant.  Both Defendant and Plaintiff look to *Landers v. Quality Commc'ns, Inc.*, to support their arguments.  771 F.3d 638, 644 (9th Cir. 2014), *as amended* (Jan. 26, 2015).  In *Lauders*, the Ninth Circuit addressed the degree of specificity required under Rule 8 to state a claim for failure to pay minimum wages or overtime wages under the FLSA.  *Id.* at 645.  The Ninth Circuit noted "[a] plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility."  *Id.*  The Ninth Circuit further held that "at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week."  *Id.*

In the instant case, Plaintiff claims Defendant misclassified Plaintiff as an exempt employee, paying her a salary as opposed to on an hourly basis, but forced her to work to such a degree that her compensation was effectively diluted below the required minimum wage standard.  (ECF No. 22 at 3.)  For this theory of liability to proceed, Plaintiff must allege at least some facts regarding her earnings — e.g., her base salary, her alleged diluted salary, amount of overtime wages owed, rate of actual pay, etc.  *See Landers*, 771 F.3d at 645.  Without any allegations regarding her earnings or wages owed, it is impossible to determine whether Plaintiff plausibly

1   was or was not paid appropriately.  Accordingly, Defendant's motion to dismiss Plaintiff's second

2   and third causes of action is GRANTED.

3           B.      Fourth and Fifth Causes of Action: Failure to Provide Meal and Rest

4                   Periods

5           Defendant argues Plaintiff fails to establish a claim for failure to provide meal and rest

6   periods because Plaintiff concedes that she typically took meal and rest breaks but often took her

7   meal periods after the fifth hour due to workload.  (ECF No. 19 at 9.)  Defendant argues that there

8   are no allegations that Defendant failed to provide meal periods, only allegations that Plaintiff

9   chose to take meal and rest periods later due to workload.  (*Id.*)  Plaintiff disagrees and argues

10  Defendant's arguments are unavailing because her theory is premised upon her misclassification

11  as an exempt employee.  (ECF No. 22 at 5.)  Plaintiff argues that this misclassification means that

12  Defendant necessarily failed to provide meal and rest periods to Plaintiff.  (*Id.*)  Plaintiff further

13  asserts that her allegation that she regularly missed rest breaks, took meal breaks but often after

14  the fifth hour, and missed 3 to 4 rest breaks and took a lunch after the fifth hour in at least one

15  week, are sufficient to state a claim.  (*Id.*)  The Court disagrees.

16          Even accepting Plaintiff's argument regarding misclassification, her Complaint is

17  insufficient to state a claim.  California law requires an employer to provide its non-exempt

18  employees with a thirty-minute meal period for every five hours of work.  *See* Cal. Labor Code

19  §§ 226.7, 512.  To be a compliant meal break under California law, "an employer must relieve the

20  employee of all duty for the designated period but need not ensure that the employee does no

21  work."  *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1034 (2012).  "The employer

22  satisfies this obligation if it relieves its employees of all duty, relinquishes control over their

23  activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break,

24  and does not impede or discourage them from doing so."  *Id.* at 1040–41.  Moreover, "the

25  employer is not obligated to police meal breaks and ensure no work thereafter is performed."  *Id.*

26  at 1040.

27          In the instant case, Plaintiff fails to allege sufficient facts that Defendant somehow

28  deprived Plaintiff of her meal and rest periods.  The factual allegations indicate that Plaintiff was

1    provided periods for both rest and meals but chose to take those periods later in the day or not at

2    all.  Allegations that an individual regularly works through their meal or rest periods is

3    insufficient to state a claim for relief.  *Bush v. Vaco Tech. Servs.*, LLC, No. 17-CV-05605-BLF,

4    2018 WL 2047807, at *5 (N.D. Cal. May 2, 2018) ("The Court cannot infer that Bush has stated a

5    claim against Google merely because she alleges that she regularly worked through her meal

6    and/or rest periods.").  Accordingly, Defendant's motion to dismiss claims four and five is

7    GRANTED.

8                    C.      Sixth Cause of Action: Failure to Reimburse Expenses

9            Defendant argues Plaintiff failed to allege sufficient facts to support her claim that

10   Defendant violated either § 11090(8) of Title 8 of the California Code of Regulations or

11   Defendant violated Labor Code § 2802.  (ECF No. 19 at 10.)  Defendant argues § 11090(8) fails

12   to support this claim because the FAC does not allege any facts suggesting Defendant deducted

13   any amounts from her wages.  (*Id.* at 11.)  Defendant further argues § 2802 fails to support this

14   claim because Plaintiff fails to allege any supporting facts regarding when these alleged expenses

15   were incurred, why they were necessary for her duties, and how much these expenses amounted

16   to.  (*Id.*)  Plaintiff appears to abandon § 11090(8) as a basis for the claim and rather argues she

17   has alleged sufficient facts under § 2802 to state a claim because Plaintiff was required to work

18   from home every day, answering phones as part of her job, and using internet connections to

19   effectuate her work.  (ECF No. 22 at 7.)

20           Because Plaintiff only defends this claim as to § 2802, the Court limits its review

21   accordingly.  Employers must indemnify employees for all necessary expenditures or losses

22   incurred in direct consequence of the discharge of an employee's duties or in obedience to the

23   directions of the employer.  *See* Cal. Lab. Code § 2802(a).  To state a claim under § 2802, a

24   plaintiff must explain: how or when an employer failed to reimburse; the specific nature of the

25   business expense at issue; whether the employer knew such expenses were incurred; and whether

26   the employer willfully refused to reimburse such expenses.  *Nelson v. Dollar Tree Stores, Inc.*,

27   No. 2:11-CV-01334 JAM, 2011 WL 3568498, at *3 (E.D. Cal. Aug. 15, 2011).  Plaintiff must

28   also "provide a single instance when such cost was actually incurred and not reimbursed."

1   *Krauss v. Wal-Mart, Inc.*, No. 2:19-CV-00838-JAM-DB, 2019 WL 6170770, at *5 (E.D. Cal.

2   Nov. 20, 2019) (internal quotations and citations omitted).

3         The complaint in the instant case is devoid of allegations related to the actual expense

4   incurred by Plaintiff, what the cost of the expenses were, and whether the employer willfully

5   refused to reimburse her for such expenses.  Plaintiff's unspecified allegations that "[i]n

6   approximately March of 2020, due to COVID, Plaintiff was required to work from home and not

7   her office[] [s]he was not reimbursed for her internet bill, which averaged approximately $70-$80

8   a month [] [and]Plaintiff estimates that on average fifty percent (50%) of the internet usage was

9   for work" are insufficient to sustain this claim.  This fact provides limited information as to a

10  *single* alleged expense without any supporting factual allegations as to why this expense was

11  required for her work or as to whether she requested reimbursement at any time for it.

12  Accordingly, Defendant's motion to dismiss claim six is GRANTED.

13          D.      Eighth Cause of Action: Violation of Labor Code § 204

14        Defendant argues Plaintiff failed to state a claim as to a violation of Labor Code § 204 for

15  failure to timely pay wages because Plaintiff fails to allege facts about regular wage payments and

16  only alleges she was paid an incorrect amount.  (ECF No. 19 at 12.)  Plaintiff concedes that this

17  claim is more appropriately alleged elsewhere and thus does not challenge Defendant's motion

18  related to this claim.  The Court agrees with both parties.  Accordingly, Defendant's motion to

19  dismiss claim eight is GRANTED and Plaintiff's eighth cause of action is dismissed with

20  prejudice.

21          E.      Third and Ninth Cause of Action: Violation of California Business and

22                      Professional Code § 17200 ("UCL Claim")

23        Defendant argues Plaintiff's third and ninth causes of action alleging failure to maintain

24  adequate records must be dismissed because no private right of action for such an infraction exists

25  unless brought as a PAGA claim.  (ECF No. 19 at 13.)  Further, Defendant argues that because

26  this is largely a derivative claim it must fall along with her minimum wage and meal and rest

27  periods claims.  (ECF No. 25 at 9.)  Plaintiff disagrees, arguing a violation of § 1174 can support

28  a UCL claim, even though there is no private right of action.  (ECF No. 22 at 8.)

The Court agrees with Defendant.  First, Plaintiff's claim appears largely premised upon a violation of § 1174 — however as Defendant properly notes, § 1174 provides penalties that cannot be recovered as restitution under the UCL.  *See Byrd v. Masonite Corp.*, 215 F. Supp. 3d 859, 864 (C.D. Cal. 2016) ("Court finds that [§§] 204 and 1174(d) cannot support a UCL claim").  Second, because the UCL claims are otherwise derivative of Plaintiff's claims of failure to pay minimum wages, failure to pay wages at the designated rate, failure to provide meal and rest periods, failure to maintain payroll records, and failure to timely pay wages when due, and all such claims have been dismissed as outlined above, the UCL claims too must fall.  Consequently, Defendant's motion to dismiss Plaintiff's UCL claims in the third and ninth cause of action is GRANTED.

  F. <u>Motion to Strike Claims</u>

    i. *Motion to Strike References to Purported Violations of Labor Code §§ 221, 223, and 203*

Defendant moves to strike any reference in the complaint to violations of Labor Code §§ 221, 223, and 203.  (ECF No. 19 at 14-16.)  Plaintiff does not oppose the motion to strike.  (ECF No. 22 at 1.)  Based on the Court's review of Defendant's arguments and Plaintiff's non-opposition, the Court GRANTS Defendant's motions to strike.

  G. <u>Motion For Conditional Class Certification</u>

On October 5, 2021, Plaintiff moved for Conditional Certification of Collective Action and Request to Facilitate Notice.  (ECF No. 24.)  Defendant filed an opposition on November 18, 2021, and Plaintiff replied.  (ECF Nos. 28, 30.)  Because the Court granted Plaintiff's motion to dismiss as to every claim in the FAC, there is currently no operative complaint in this action and there is no complaint upon which to certify a class.  Therefore, Plaintiff's motion for conditional class certification is DENIED without prejudice.

///

///

///

///

IV.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Dismiss and to Strike.  (ECF No. 19.)  Plaintiff will be provided leave to amend Claims One, Two, Three, Four, Five, Six, Seven, and Nine.  Claim Eight is dismissed with prejudice.  Reference to purported violations of Labor Code §§ 221, 223, and 203, are stricken.  Plaintiff may file an amended complaint not later than thirty (30) days of the electronic filing date of this Order. Defendants shall file a responsive pleading not later than twenty-one (21) days thereafter.

Plaintiff's motion for conditional certification (ECF No. 24) is DENIED without prejudice.

IT IS SO ORDERED.

**Date:  March 30, 2023**

Troy L. Nunley
United States District Judge