**TOWER LEGAL GROUP, P.C.**
JAMES A. CLARK (SBN 278372)
RENEE P. ORTEGA (SBN 283441)
ARIEL A. PYTEL (SBN 328917)
11335 Gold Express Drive, Ste. 105
Gold River, CA 95670
Telephone: (916) 233-2008
Email: james.clark@towerlegalgroup.com
[Additional Counsel on Signature Page]

*Attorneys for Plaintiff*
SHANON DOCKERY

**MAYER BROWN LLP**
RUTH ZADIKANY (SBN 260288)
*rzadikany@mayerbrown.com*
C. MITCHELL HENDY (SBN 282036)
*mhendy@mayerbrown.com*
333 South Grand Avenue, 47th Floor
Los Angeles, California 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

*Attorneys for Defendant*
CITIZENS TELECOM SERVICES COMPANY, LLC

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHANON DOCKERY, on behalf of herself and all employees similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIZENS TELECOM SERVICES COMPANY, LLC.<br><br>Defendant. | Case No. 2:21-cv-00416-TLN-CKD<br><br>**JOINT MOTION FOR APPROVAL OF INDIVIDUAL FLSA SETTLEMENT**<br><br>Date: December 14, 2023<br>Time: 2:00pm<br>Courtroom: 2<br><br>Complaint Filed: March 9, 2021<br>SAC Filed: April 28, 2023 |

1  **PLEASE TAKE NOTICE** that on December 14, 2023; at 2:00 p.m., or as soon thereafter as this matter may be heard, in Courtroom 2 of the United States District Court for the Eastern District of California, located at Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, before the Honorable Troy Nunley, the parties will and hereby do jointly move this Court for entry of the Proposed Order submitted herewith approving settlement of all claims against Defendant Citizens Telecom Services Company, LLC by the named plaintiff, Shanon Dockery, and individual Tony Acosta, who consented to opt into this action, including claims under the Fair Labor Standards Act, the California Labor Code, and California Business and Professions Code, and granting dismissal of the claims with prejudice.

In support of this Motion, the parties submit the accompanying Memorandum of Points and Authorities, the declaration of James A. Clark (Clark Decl.), and the Proposed Order filed concurrently herewith. Counsel for all parties have met and conferred prior to the filing of this motion.

Respectfully submitted,

Dated: October 31, 2023        TOWER LEGAL GROUP, P.C.

By: /s/ James A. Clark
James A. Clark
Attorneys for Plaintiffs

Dated: October 31, 2023        MAYER BROWN LLP

By: /s/ Ruth Zadikany
Ruth Zadikany
Attorneys for Defendant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Named plaintiff, Shanon Dockery, and additional plaintiff, Tony Acosta, who consented to opt into this action pursuant to 29 U.S.C. § 216(b) (collectively, Plaintiffs), together with Defendant Citizens Telecom Services Company, LLC (Citizens), respectfully move this court to approve individual settlements of this case and to dismiss this action with prejudice in its entirety.

This case was filed in March 2021 as a putative class and collective action lawsuit asserting wage-and-hour claims under the Fair Labor Standards Act (FLSA), the California Labor Code and the California Business and Professions Code.  *See* ECF #1.  Citizens moved to dismiss the original Complaint on July 8, 2021.  *See* ECF #10.  In response, Dockery filed a First Amended Complaint on July 29, 2021.  *See* ECF #15.  Citizens again moved to dismiss on August 26, 2021.  *See* ECF #19.  While that motion was pending, Dockery moved for conditional certification of the FLSA collective action.  *See* ECF #24.  As part of that motion, Mr. Tony Acosta filed a request to opt-in to the action under the FLSA.  *See* ECF #24-5.  On March 31, 2023, the Court granted Citizens' motion to dismiss the First Amended Complaint and denied without prejudice Dockery's motion for conditional certification.  *See* ECF #34.  Dockery proceeded to file a Second Amended Complaint on April 28, 2023.  *See* ECF #35.  The parties proceeded to negotiate individual settlement agreements to resolve this case and settle and release all of Dockery's and Acosta's individual claims.  The parties now seek the Court's approval of the individual settlements as required by the FLSA.  As set forth below, the Court should approve the parties' settlements as a reasonable compromise of a bona fide dispute of the FLSA claims.

## II.   BACKGROUND

Dockery alleges that Citizens, a telecommunications service provider that operates customer service and troubleshooting services in California, improperly

classified her and other customer services representatives as exempt employees and, in doing so, violated various wage-and-hour laws under the FLSA and California Labor Code—including the failure to pay regular and overtime wages, the failure to provide meal and rest periods, the failure to reimburse business expenses, and the failure to furnish accurate and itemized wage statements. *See* Second Amended Compl., ECF # 35. Dockery also alleged violation of California Business and Professions Code § 17200. *Id*.

Citizens has at all times denied the allegations and denied liability, filing motions to dismiss the Complaint and First Amended Complaint. *See* ECF #10, 19.

Following this Court's ruling granting Citizens' motion to dismiss the First Amended Complaint (ECF # 34), and Plaintiffs' decision to further amend and file a Second Amended Complaint (ECF #35), the parties mutually agreed to discuss settlement in an effort to resolve this case without further motion practice. Those settlement efforts included months of extensive telephone and email communications among counsel for the parties involving arms' length negotiations over individual settlements of Plaintiffs' claims. The settlement amounts were reached after individually calculating and valuing the specific claims and circumstances by Dockery and Acosta—including factors such as dates of employment and weeks worked. Thus each individual settlement agreement requires payment of an individually negotiated settlement amount, which is divided into a portion representing alleged unpaid wages subject to any required FICA, federal, and state employment taxes, and any other legally required deductions and a portion representing fees and penalties for the alleged violations.

In reaching the negotiated settlement amounts for each of Dockery and Acosta, Plaintiffs' counsel analyzed potential damages in this case for each individual based on the relevant time period, estimated number of hours worked for which Dockery and Acosta allege unpaid wages were owed, estimated number of missed meal and rest period that Dockery and Acosta alleged result in violations,

estimated number of alleged wage statement violations, and estimated business expenses that Dockery and Acosta allege Citizens improperly failed to reimburse. If Dockery and/or Acosta were to prevail on liability at trial, the amount of damages awarded could fall within a wide range, based on the alleged number of overtime hours at issue, the statute of limitations, and the applicability of potential penalties. For example, if Dockery and/or Acosta convinced the finder of fact that they were entitled to many hours per week of unpaid overtime wages, or prevailed in establishing many violations of meal and rest period provisions, the total damages for the two individuals could be higher than the agreed upon settlement amount. Alternatively, if Citizens prevailed and Dockery and/or Acosta failed to establish liability, a verdict would mean zero recovery for them.

In light of the high degree of variability and uncertainty in an FLSA and wage-and-hour damages analysis, it is difficult to identify a realistic "potential recovery" in cases such as this. But the negotiated settlement amounts for each of Dockery and Acosta are considerable – particularly in light of the Court's order dismissing the First Amended Complaint in its entirety. (Concurrently with this Motion, the parties are lodging the settlement agreements under seal for the Court to review *in camera*. *See Fontenberry v. MV Transportation, Inc.*, 2014 WL 12917755, No. 12-1996-TLN (E.D. Cal. May 16, 2014) (approving individual FLSA settlements after reviewing agreements under seal).) All told, the individual settlements fall within the range of reasonableness and warrant this Court's approval.

### III. DISCUSSION

Because FLSA rights generally cannot be waived, settlement of actions for back wages pursuant to 29 U.S.C. § 216(b) must be approved by a court. *Fontenberry*, 2014 WL 12917755, at *1 (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). "The proper procedure for obtaining court approval of the settlement of an FLSA claim is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated

judgment only after scrutinizing the settlement for fairness." *Id.* (internal quotation marks omitted). To do so, "a court must determine that the settlement is a fair and reasonable resolution of a bona fide dispute of the claims raised pursuant to the FLSA." *Id.* (internal quotation marks omitted); *see also Lee v. Timberland Co.,* 2008 WL 2492295, at *2 (N.D. Cal. June 19, 2008) (approving individual settlements in FLSA collective action where significant questions arose as to "the classification of employees as exempt under the FLSA as well as the appropriateness of collective action" and concerns regarding the "relative difficulty of proving precisely how many overtime hours actually were worked"); *Yhe Zhou v. Wang's Rest.,* 2007 WL 172308, at *2 (N.D. Cal. Jan. 17, 2007) (similar). Accordingly, where a settlement of an individual's FLSA claim reflects a "reasonable compromise over issues" such as FLSA coverage, classification of employees, and computation of back wages actually in dispute, the Court can approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. Settlements of court actions are permissible because "initiation of the action by the employees provides some assurance of an adversarial context." *Id.*

This case presents a bona fide dispute regarding whether Plaintiffs were appropriately classified as exempt employees. *See* Second Amended Complaint, ¶¶ 39-40 (explaining difference between "administrative employees" who are exempt under the FLSA and "production employees" who are not). Ultimately, classification and application of the administrative exemption is a fact-intensive inquiry. *See, e.g., Abdullah v. U.S. Sec. Associates, Inc.*, 731 F.3d 952, 965 (9th Cir. 2013) (noting federal or state exemption classifications can be "fact-intensive" requiring inquiry into each individual's employment situation). Although the Second Amended Complaint alleges that Dockery and Acosta should have been classified as non-exempt customer service employees (*see* Second Amended Compl., ¶¶ 41-44), Citizens disputes that allegation and contends that they were properly classified as exempt administrative employees.

Beyond the hotly disputed question of classification, there would still remain a bona fide dispute regarding whether any additional wages are owed to either Dockery or Acosta and, if so, in what amount. This Court suggested as much in dismissing the First Amended Complaint for Plaintiff's failure to state a claim. *See* ECF # 34 at 5–6 (finding that "[w]ithout allegations regarding her earnings or wages owed, it is impossible to determine whether Plaintiff plausibly was or was not paid appropriately"). Thus, apart from the threshold question of classification and FLSA coverage, bona fide disputes exist over calculation of hours that Dockery and Acosta actually worked, and other alleged violations.

In light of these disputes over many legal and factual issues pertaining to Dockery and Acosta's claims and alleged damages, the individual settlements reflect a reasonable compromise for which Court approval is appropriate. "It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not *per se* render the settlement inadequate or unfair." *Officers for Justice v. Civil Service Commission*, 688 F. 2d 615, 628 (9th Cir. 1982). As the Ninth Circuit noted in *Officers for Justice*, "[u]limately the amount of the [settlement payments] will be less than what some class members feel they deserve but, conversely, more than the defendants feel those individuals are entitled to. This is precisely the stuff from which negotiated settlements are made." *Id.* While Plaintiffs' counsel believe that Dockery's and Acosta's claims are meritorious, they are experienced class action litigators and understand that the outcome of class/collective certification, trial, and any attendant appeals are inherently uncertain. Counsel for the parties have thus instead arrived at settlement amounts following protracted arms' length negotiations.

Additional factors warrant approval as well, including the complexity, expense, and likely duration of the litigation. *Officers for Justice*, 688 F.2d at 625. The parties are cognizant of the heavy caseloads in this District and the unavoidable delays that result. The parties pursued this settlement in part to achieve an expeditious resolution of the case that furthers the strong public interest in settling

- 6 -

litigation—particularly in complex class and collective actions such as this.

The scope of the releases contained in the individual settlement agreements is also reasonable and appropriate. "The weight of authority establishes that . . . a court may release not only those claims alleged in the complaint and before the court, but also claims which 'could have been alleged by reason of or in connection with any matter or fact set forth or referred to in' the complaint. . . . And it has been held that even when the court does not have power to adjudicate a claim, it may still 'approve release of that claim as a condition of settlement of [an] action [before it].'" *Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 586 (2010), citing *In re Corrugated Container Antitrust Litigation*, 643 F.2d 195, 221 (5th Cir. 1981). Here, each of the individual settlement agreements includes a general release, as applicable to each individual. *See* Clark Decl. ¶ 15. More specifically, the settlement agreements provide that, in exchange for receipt of the settlement payment from Citizens, each of Dockery and Acosta will release all claims, known or unknown, against Citizens and identified affiliates, which include California Civil Code section 1542 waivers, through the date of execution of the individual settlement agreements. The release, therefore, does not preclude any Plaintiff from pursuing future actions should they arise. The parties sought and agreed to a general release only after extended individualized negotiations on behalf of each of Dockery and Acosta in order to provide a global and final resolution between the parties, and, from Dockery and Acosta's perspective, to increase the amounts offered in settlement. *See* Clark Decl. ¶ 15. Considering the circumstances, a general release is reasonable.

### IV.   CONCLUSION

The parties' individual settlement agreements are the product of extended, arms'-length negotiations between counsel over bona fide disputes over wages and alleged violations of the FLSA and California Labor Code. The settlements provide both Dockery and Acosta with considerable monetary relief that clearly represents a compromise of the disputes. For these reasons and those set forth above, the Parties

jointly request that the Court approve the settlement agreements and releases and dismiss this action with prejudice, consistent with the Proposed Order submitted herewith.

Dated: October 31, 2023    Respectfully submitted,

By: */s/James A. Clark*

**TOWER LEGAL GROUP, P.C.**
JAMES A. CLARK (SBN 278372)
11335 Gold Express Drive, Ste. 105
Gold River, CA 95670
Telephone: (916) 361-6009

**CHRISTINA HUMPHREY LAW, P.C.**
CHRISTINA A. HUMPHREY (SBN 226326)
*Christina@chumphreylaw.com*
1117 State Street
Santa Barbara, CA 93101
Telephone: (805) 618-2924
Facsimile: (805) 618-2939

*Attorneys for Plaintiff*
SHANNON DOCKERY


Respectfully submitted,

By: */s/ Ruth Zadikany*
**MAYER BROWN LLP**
RUTH ZADIKANY (SBN 260288)
*rzadikany@mayerbrown.com*
C. MITCHELL HENDY (SBN 282036)
*mhendy@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, California 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

*Attorneys for Defendants*
CITIZENS TELECOM SERVICES COMPANY, LLC

**Attestation**

Prior to ECF filing this document, I obtained consent from the above-referenced counsel in accordance with Eastern District Local Rule 131(d).

/S/ *James A. Clark*
JAMES A. CLARK