# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANON DOCKERY, on behalf of herself and all employees similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIZENS TELECOM SERVICES COMPANY, LLC.<br><br>Defendant. | Case No. 2:21-cv-00416-TLN-CKD<br><br>**ORDER GRANTING PARTIES' JOINT MOTION FOR APPROVAL OF INDIVIDUAL FLSA SETTLEMENT**<br><br>Complaint Filed: March 9, 2021<br>SAC Filed: April 28, 2023 |

# ORDER

This matter is before the court on the parties' Joint Motion for Approval of Individual FLSA Settlement. In support of the Motion, the parties have submitted a memorandum of points and authorities and a declaration of James A. Clark, attorney of record for Plaintiffs in the above-captioned action. The parties also submitted the two confidential individual FLSA settlements and releases under seal.

Because FLSA rights generally cannot be waived, settlement of actions for back wages pursuant to 29 U.S.C. § 216(b) must be approved by a court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); see also *Lee v. The Timberland Co.*, 2008 WL 2492295 at *2 (N.D. Cal. June 19, 2008). The decision of whether to approve or reject a settlement proposal is committed to the sound discretion of the district court. *Officers for Justice v. Civil Service Comm'n of City and Cnty. of S.F.*, 688 F.2d 615, 626 (9th Cir. 1982). "The proper procedure for obtaining court approval of the settlement of an FLSA claim is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Yue Zhou v. Wang's Restaurant*, 2007 WL 172308 at *1 (N.D.Cal. Jan. 17, 2007).

In order to approve a settlement proposed by an employer and employees, "a court must determine that the settlement is a fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores*, 679 F.2d at 1335; *Campanelli v. Hershey Co.*, 2011 WL 3583597, at *1 (N.D. Cal. May 4, 2011) (approving individual settlements in FLSA collective action, where "payments are the result of arms-length negotiations between Hershey and the 120 plaintiffs who are represented by counsel, and who have all expressly consented to the settlement").

Having considered the memorandum and declaration, the individual settlement agreements, the arguments of counsel, and the relevant statutory and case law, the Court GRANTS the Parties' joint motion and finds and orders as follows:

1. The parties' individual FLSA Settlement Agreements and Releases are approved of as a fair and reasonable resolution of a bona fide dispute;

2. All of Plaintiff Dockery's and opt-in consent plaintiff Acosta's claims in this action are dismissed in their entirety with prejudice;

3. Defendant will deliver the settlement proceeds as provided for in the Settlement Agreements and Releases.

4. Neither this Order nor any other documents or information related to the individual settlements in this action shall be admissible in any proceeding as evidence: (a) that any group of similarly-situated or other employees may maintain a collective action under the Fair Labor Standards Act or a class action under Rule 23 of the Federal Rules of Civil Procedure (or comparable state law or rules); (b) of any adjudication of the merits of this case or that any party has prevailed in this case; or (c) that Defendant or others engaged in any wrongdoing.

It is so ORDERED.

Dated: January 11, 2024

Troy L. Nunley
United States District Judge